UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BGC PARTNERS, INC., et al., <br><br> Defendants. | Case No.16-cv-01702-BLF (SVK) <br><br> **ORDER ON PARTIES' JOINT DISCOVERY LETTER BRIEF** <br><br> Re: Dkt. No. 68 |

The parties have submitted a joint discovery letter brief setting forth their dispute over whether the protective order in this case should permit in-house counsel to have access to materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO materials"). ECF 68. Plaintiff[1] Newmark Realty Capital, Inc. requests that the Court enter this district's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order") without the optional provisions regarding "Designated House Counsel." *Id.* at 1. The result would be to prohibit any of defendants' in-house counsel from accessing materials designated AEO by plaintiff. Defendants BCG Partners, Inc. and Newmark & Company Real Estate, Inc. are generally in agreement with using the Model Order, provided it includes the optional provisions permitting in-house counsel to access AEO materials under specified conditions. *Id.* at 3. Defendants also seek permission for three of their in-house counsel to have access to plaintiff's AEO materials under the "House Counsel" provisions. *Id.* at 4.

As discussed below, the Court finds that plaintiff has failed to demonstrate good cause to exclude all access by in-house counsel to AEO information, and thus the protective order in this

---

[1] In their joint letter brief, each party refers to itself as "Newmark." To avoid confusion, this Order instead refers to the parties as "Plaintiff" and "Defendants."

case should include the Model Order's optional "House Counsel" provisions, which permit such access under specified conditions. However, the parties have not presented the Court with sufficient information to determine whether the three in-house counsel designated by defendants should be given access to plaintiff's AEO information, and the Court orders the parties to provide further submissions on that issue.

I. **Form of protective order**

As the party seeking an order that would limit the disclosure of discovery material to certain persons, plaintiff bears the burden of showing good cause. *See* Fed. R. Civ. P. 26(c)(1); *see also* Model Order ¶ 7.4(c). Plaintiff argues that the parties are direct competitors in the commercial mortgage banking industry and that "[t]his alone means access by defendants' in-house counsel to [plaintiff's] competitively sensitive information would create a substantial risk of serious harm to [plaintiff]." ECF 68 at 1. In particular, plaintiff asserts that the designated in-house counsel to whom defendants want to provide access to plaintiff's AEO information are involved in competitive decision-making. *Id.* at 2. Plaintiff expresses concern about the disclosure of plaintiff's client information, business and strategy documents, and private financial information to such individuals. *Id.*

Defendants, on the other hand, argue that the designated in-house counsel are part of an in-house trial team maintained by defendants' ultimate parent, Cantor Fitzgerald, and are not involved in competitive decision-making for defendants. *Id.* at 4.

Each party has submitted a proposed protective order that appears to be based largely on the Model Order, which suggests that the Model Order is the appropriate starting point for a protective order in this case. The optional "House Counsel" provisions of the Model Order address plaintiff's stated concern about disclosure of AEO information to in-house counsel with competitive decision-making responsibilities. Paragraph 7.3(b) of the Model Order permits disclosure of AO materials only to Designated House Counsel: "(1) **who has no involvement in competitive decision-making**, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1) . . . have been followed." Model Order ¶

2

7.3(b) (emphasis added).

Under the foregoing provision, in-house counsel who are involved in competitive decision-making are not entitled to access AEO materials. The safeguards of Paragraph 7.3 are designed to address the concerns raised by plaintiff specifically where, as here, the designating party has not demonstrated good cause for a blanket prohibition on access by in-house counsel to AEO information. Accordingly, the Court ORDERS that the protective order will include the optional "House Counsel" provisions of the Model Order. The parties are required to present the Court with a single, joint proposed protective order that complies with this directive within **14 days of the date of this order**.

Because the parties submitted separate proposed protective orders in connection with the current joint discovery letter brief, it is unclear whether they have additional disagreements about the form of the protective order in this case. If there are any remaining disagreements, they must be identified in the joint proposed protective order by redlining, highlighting, or another manner that informs the Court of each party's position on each disputed issue.

## II. **Access to AEO information by defendants' designated in-house counsel**

The Court's decision that the protective order will include the Model Order's "House Counsel" provisions does not answer the questions of which of defendants' in-house counsel, and how many,[2] may access plaintiff's AEO information. A dispute remains as to whether the particular in-house counsel to whom defendants want to give access to AEO information—Michael Popok, Nirav S. Shah, and Miguel Lopez—are in fact involved in competitive decision-making.

The Model Order sets forth a reasonable procedure to be followed in such a situation. The party that seeks to disclose AEO information to Designated House Counsel (in this case, defendants) must make a written request to the Designating Party (in this case, plaintiff) that sets forth identifying information about the Designated House Counsel and describes that person's

---

[2] The Model Order states that "[i]t may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' information." Model Order at n.3. The parties may address in their upcoming submissions whether such a limitation is appropriate in this case.

3

"currently and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making." Model Order ¶ 7.4(a)(1). The Designating Party must then make a written objection to the disclosure that "set[s] forth in detail the grounds on which it is based." *Id.* at ¶ 7.4(b). If the parties are unable to resolve the matter after meeting and conferring, the party seeking to make the disclosure may file a motion seeking permission from the Court to do so. *Id.* at ¶ 7.4(c). "Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel … is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk." *Id.* at ¶ 7.4(c). The motion must also be accompanied by a declaration describing the parties' meet and confer efforts and the reasons advanced by the Designating Party for its refusal to approve the disclosure." *Id.* The burden of proof on such a motion is on the party opposing disclosure to Designated House Counsel. *Id.*

The parties have apparently already engaged in some of the steps required under Paragraph 7.4. Defendant has identified the House Counsel to whom it wants to disclose AEO information, the parties have met and conferred about plaintiff's objection to that disclosure, and the parties have presented the dispute to the Court, albeit framed as a dispute over the form of the protective order to be entered in this case. The parties, however, have not provided the Court with adequate information to enable it to conduct "the counsel-by-counsel, fact-specific analysis necessary to determine if [defendants'] in-house counsel engage[] in competitive decisionmaking." *See Amgen Inc. v. Sandoz Inc.*, No. 16-cv-02581-RS (MEJ), 2017 U.S. Dist. LEXIS 397, at *5 (N.D. Cal. Jan. 3, 2017). As a result, the Court is presently unable to analyze the factors necessary to determine whether plaintiff has carried its burden of proving "that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose" AEO information to the designated in-house counsel. *See* Model Order ¶ 7.4(c).

Accordingly, if the parties remain unable to resolve their dispute over in-house counsel access to plaintiff's AEO information, the parties are ordered to submit additional information to enable the Court to make the necessary determinations in light of factors such as those discussed

4

in *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-72 (9th Cir. 1992) and other relevant authorities. Defendants are ordered to make their submission, which should include declarations that contain the information about the designated in-house counsel's current and reasonable foreseeable future primary job duties and responsibilities required by Paragraph 7.4(a)(1) of the Model Order and should address the factors identified in Paragraph 7.4(c) of the Model Order, **within 7 days of entry of this order**. Plaintiff is ordered to respond **within 7 days of defendants' submission**; plaintiff's response should address the factors identified in Paragraphs 7.4(b) and 7.4(c) of the Model Order.

III. **Other issues**

In the joint discovery letter brief, defendants also express concern that based on plaintiff's objections to discovery requests, plaintiff has or will overdesignate information as confidential. ECF 68 at 5-6. The Model Order requires the parties to exercise restraint in designated material for protection. Model Order ¶ 5.1. If any party believes the other has inappropriately designated material as confidential or AEO, Paragraphs 6.1 to 6.3 of the Model Order set forth a procedure for challenging the designation of discovery material. If it becomes necessary, the parties should follow that procedure.

**SO ORDERED.**

Dated: June 15, 2017

SUSAN VAN KEULEN
United States Magistrate Judge