UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC.,<br>　　　　Plaintiff,<br>　　v.<br>BGC PARTNERS, INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-01702-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Plaintiff Newmark Realty Capital, Inc., a mortgage brokerage and banking firm, owns a family of trademarks for use in the field of commercial real estate. Compl. ¶¶ 16-17, ECF 1. Claiming to be the rightful owner of the trademark "Newmark Realty Capital," as well as other "Newmark" marks, Plaintiff asserts that Defendants are infringing on these marks, and further seeks to enjoin Defendants from using the marks. *Id.* ¶¶ 17-20, 50 et seq. Before the Court is Defendants' motion for relief from a protective order ("Order") issued by Magistrate Judge Susan van Keulen. Mot., ECF 78; *see* Order, ECF 74. The Court has considered Judge van Keulen's Order, and the parties' submissions in connection with this motion. For the reasons discussed below, the motion is DENIED.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry*

*v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**II. DISCUSSION**

Judge van Keluen issued the protective order in response to the parties' dispute over whether Defendants' in-house counsel can have access to materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO materials"). *See* Order, ECF 74. Three of the attorneys representing Defendants are employed by Cantor Fitzgerald Securities (the "Cantor attorneys"), an affiliate of Defendant Newmark & Company Real Estate, Inc. Mot. 1, ECF 78. Plaintiff initially sought to preclude all of Defendants' in-house counsel, including the Cantor attorneys, from accessing any AEO materials. In response, Defendants requested Judge van Keulen to permit access by designated in-house counsel under certain conditions. ECF 69. Defendants further urged Judge van Keulen to name the Cantor attorneys as designated in-house counsel under the protective order because they are not involved in competitive decision-making for Defendants. *See id.* at 2. To aid Judge van Keulen in that decision, the parties submitted additional briefing on whether the three Cantor attorneys to whom Defendants want to give access to Plaintiff's AEO materials are engaged in competitive decision-making. ECF 69.

On July 18, 2017, Magistrate Judge van Keulen issued the protective order. *See* Order, ECF 74; *see also* Order on Protective Order Dispute, ECF 73. The protective order includes a provision regarding "Designated House Counsel," as requested by Defendants. However, based on the parties' supplemental submissions describing Defendants' in-house litigation model and the roles and responsibilities of the Cantor attorneys, Judge van Keulen also incorporated additional safeguards to protect Plaintiff from possible harm stemming from allowing the Cantor attorneys to access the AEO materials. For example, the relevant restrictions would bar the Cantor attorneys for two years after termination of this case from advising Defendants on "strategic or operational decision making related to their businesses," among other activities set forth in paragraph 7.4(d), without Plaintiff's written consent. *See* Order ¶ 7.4(d).

In filing this motion for relief, Defendants requests this Court to eliminate these additional

2

safeguards set forth in paragraph 7.4(d) of the protective order. Proposed Protective Order, ECF 78-2. Defendants claim that the restrictions are overly burdensome and essentially restrict Defendants' choice of counsel. Mot. 3-4. According to Defendants, such restrictions are also not narrowly tailored, because the protective order applies to all Defendants and their businesses regardless of whether the issue concerns Plaintiff or this trademark dispute. *Id.* at 4. Defendants further aver that Plaintiff is a competitor only with Defendant Newmark & Company Real Estate, Inc., but not with other named defendants. *Id.* In response to Defendants' motion, Plaintiff argues that the safeguards built into paragraph 7.4(d) are necessary. Response 1, ECF 81. Plaintiff believes that the Cantor attorneys, including Mr. Michael Popok, are involved in competitive decision-making. *Id.* Without these safeguards, Plaintiff fears that the Cantor attorneys could move into a competitive decision-making role shortly after learning Plaintiff's trade secrets. *Id.* at 3.

The Court does not find Judge van Keulen's Order to be clearly erroneous or contrary to law. Judge van Keulen recognized the importance of balancing the interests and risks to the parties when allowing in-house counsel access to AEO materials. Order on Protective Order Dispute 1. Even though she determined that the Cantor attorneys should be able to access the AEO materials, she incorporated certain safeguards for Plaintiff's trade secrets based on the declaration of Mr. Popok, a Cantor attorney. For example, Mr. Popok declared that the Cantor in-house litigation team does not advise Defendants on strategic or operational decision making related to their businesses, but instead works exclusively on litigation matters and certain employment matters. *Id.* at 2. The protective order merely sets forth this and other safeguards based on Mr. Popok's own declaration. The table below, reproduced from Plaintiff's response, illustrates that each restriction in paragraph 7.4(d) corresponds to what Mr. Popok declared *not* to be the role and responsibilities of the Cantor attorneys.

| Safeguards set forth in the protective order, ¶ 7.4(d) | Declaration of Michael Popok, ECF 70-1 |
|---|---|
| Designated House Counsel shall not "(1) advise Cantor Fitzgerald, BCG [sic], or [NGKF] on strategic or operational decision-making related | "We do not advise Cantor Fitzgerald, BGC, or [NGKF] on strategic or operational decision- |

3

| | |
|---|---|
| to their businesses" | making related to their businesses." |
| Designated House Counsel shall not "(2) render advice on or participate in competitive decision-making at Cantor Fitzgerald, BCG, or [NGKF]" | "I do not render advice on or participate in competitive decision-making at Cantor Fitzgerald or its affiliated entities, including BGC and [NGKF]." |
| Designated House Counsel shall not "(3) play any role in any decision of BCG or [NGKF] relating to business strategy, pricing, marketing strategies, product or service development, sales, product or service expansion, geographic expansion, acquisitions (aside from assisting with litigation-related diligence), or any competitive analysis outside of litigation" | "I play no role in any of BGC's, [NGKF]'s decisions relating to business strategy, pricing, marketing strategies, product or service development, sales, product or service expansion, geographic expansion, acquisitions (aside from occasionally assisting with litigation-related diligence), or any competitive analysis." |
| Designated House Counsel shall not "(4) supervise any personnel engaged in activities identified in items (1)-(3) above" | "I do not supervise any personnel engaged in such activities." |
| Designated House Counsel shall not "(5) sit on any business councils for Cantor Fitzgerald, BCG, or [NGKF]" | "Nor do I sit on any business councils for Cantor Fitzgerald or any of its affiliated entities." |
| Designated House Counsel shall not "(6) render advice on or participate in trademark decisions, including decisions relating to the adoption of names or trademarks, by Cantor Fitzgerald, BCG, or N&C, except in pending litigation." | "I do not render advice on or participate in Cantor Fitzgerald's, BGC's, or [NGKF]'s trademark decisions—outside of pending litigation. Except as my litigation judgment, just like any outside litigator's judgment, may bear on their decisions, I do not advise Cantor Fitzgerald's, BGC's, or [NGKF]'s management in any decisions relating to the adoption of names or trademarks." |

As seen above, the activities prohibited by the protective order are very similar, if not identical, to activities the Cantor attorneys are already refrained from engaging. As such, the restrictions required by the protective order should have little to no impact on the roles and responsibilities of the Cantor attorneys. Defendants thus fail to show why the restrictions would be overly burdensome or would deprive Defendants of their choice of counsel. Accordingly, the motion for relief from Judge van Keulen's protective order is DENIED.

Nonetheless, the Court is concerned that this dispute over the protective order and counsel's opportunity to make AEO designations will itself spawn side litigation over the scope of every AEO designation. To the extent the Court determines that overbroad AEO designations are being made as tactical ploys, the parties are advised that they risk the Court determining that

nothing in a document will be approved by the Court as AEO or subject to sealing. Counsel must be aware that the Court will not necessarily allow a more narrowly tailored redaction if the first designation is overbroad.

**IT IS SO ORDERED.**

Dated: August 7, 2017

_____
BETH LABSON FREEMAN
United States District Judge