# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

NEWMARK REALTY CAPITAL, INC.,

Plaintiff,

v.

BGC PARTNERS, INC., et al.,

Defendants.

Case No. 16-cv-01702-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**

Before the Court is Defendants' motion to file under seal certain exhibits in connection to a motion for preliminary injunction. ECF 95. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART the motion.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motions relate to a motion for preliminary injunction, which is more than tangentially related to the merits of the case, the instant motions are resolved under the compelling reasons standard. *Ctr. for Auto Safety*, 809 F.3d at 1101-2 (holding that "public access will turn on whether the motion is more than tangentially related to the merits of a case" and finding that a "motion for preliminary injunction is more than tangentially related to the merits"). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179.

With this standard in mind, the Court rules on the instant motions as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 95-3 | Exhibits 20.1 – 20.3 to Barry Gosin Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing these exhibits in their entirety. *See* Civ. L.R. 79-5(e). |
| 95-3 | Exhibits 20.4 – 20.7 to Barry Gosin Decl. | GRANTED. | The entirety of Exhibits 20.4 – 20.7 contains the parties' confidential settlement discussions. *See* Manes Decl. ¶ 4, ECF 95-1. |
| 95-4 | Exhibit 21 to Barry Gosin Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |
| 95-6 | Exhibit 1 to Michael Ippolito Decl. | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information relating to Defendants' client, the disclosure of which would harm the competitiveness of Defendants and their clients. *See* Manes Decl. ¶ 5. |

| | | | |
|---|---|---|---|
| 95-8 | Exhibit 3 to Michael Ippolito Decl. | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information relating to Defendants' client, the disclosure of which would harm the competitiveness of Defendants and their clients. *See* Manes Decl. ¶ 6. |
| 95-9 | Exhibit 4 to Michael Ippolito Decl. | GRANTED. | The entirety of the exhibit contains confidential business strategy communications between Defendants and their client, the disclosure of which would harm the competitiveness of Defendants and their clients. *See* Manes Decl. ¶ 7. |
| 95-10 | Exhibits 5.1 – 5.4 to Michael Ippolito Decl. | GRANTED. | The exhibits contain confidential agreements between Defendants and their clients, the disclosure of which would harm the competitiveness of Defendants. *See* Manes Decl. ¶ 8. |
| 95-11 | Exhibit 1 (Part 1) to Zach Schnoll Decl. | GRANTED. | The exhibit contains confidential information relating to Defendants' fee structures, disclosure of which would harm the competitiveness of Defendants. *See* Manes Decl. ¶ 9. |
| 95-12 | Exhibit 1 (Part 2) to Zach Schnoll Decl. | GRANTED. | The exhibit contains confidential information relating to Defendants' fee structures, disclosure of which would harm the competitiveness of Defendants. *See* Manes Decl. ¶ 9. |
| 95-14 | Exhibit 2 to Danielle Welsh Decl. | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information relating to Defendants' client, the disclosure of which would harm the competitiveness of Defendants and their clients. *See* Manes Decl. ¶ 10. |
| 95-16 | Exhibit 5 to Danielle Welsh Decl. | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information relating to Defendants' client, the disclosure of which would harm the competitiveness of Defendants and their clients. *See* Manes Decl. ¶ 11. |
| 95-18 | Exhibit 6 to Danielle Welsh Decl. | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information relating to Defendants' client, the disclosure of which would harm the competitiveness of Defendants and their clients. *See* Manes Decl. ¶ 12. |
| 95-20 | Exhibit 1 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |

| 95-21 | Exhibit 7.2 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |
| 95-22 | Exhibit 10 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |
| 95-23 | Exhibit 16.3 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |
| 95-24 | Exhibits 18.2 – 18.3 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing these exhibits in their entirety. |
| 95-25 | Exhibit 28.3 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |
| 95-26 | Exhibit 39.3 to Ryan Bricker Decl. | DENIED. | Plaintiff is the designating party but no declaration has been filed in support of sealing this exhibit in its entirety. |

For the foregoing reasons, the sealing motion at ECF 95 is GRANTED IN PART and DENIED IN PART. As to the documents for which the motion is denied, the motion may be renewed with a declaration setting forth a compelling reason in support of the motion. The motion shall be renewed no later than 10 days from the filing of this order. If the motion is not renewed in time or if no declaration is submitted within four days of the filing of the renewed motion, Defendants shall file the unredacted documents in the public record. Civil L.R. 79-5(e)(1), (2).

**IT IS SO ORDERED.**

Dated: August 7, 2017

_____
BETH LABSON FREEMAN
United States District Judge

5