UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEWMARK REALTY CAPITAL, INC.,

        Plaintiff,

    v.

BGC PARTNERS, INC., et al.,

        Defendants.

Case No. 16-cv-01702-BLF  (SVK)

**ORDER ON PARTIES' JOINT DISCOVERY LETTER BRIEFS AND REQUEST FOR ADDITIONAL BRIEFING**

Re: Dkt. Nos. 119, 122

On October 19, 2017, the parties filed a joint letter brief regarding Plaintiff's motion to compel Defendants' production of additional documents. ECF 119. On October 26, 2017, the parties filed a joint letter brief regarding Defendants' motion to compel discovery responses and the production of additional documents by Plaintiff. ECF 122. On November 15, 2017, the Court held a hearing on both joint discovery letter briefs. At the hearing the Court was informed that Plaintiff had served document requests on November 8, 2017, directed to subjects that had been identified during the course of the parties' meet and confer efforts and potentially superseding issues presented in Plaintiff's motion to compel. As a result, where issues had been presented to the Court but were no longer ripe due to the November 8 requests, the Court provided guidance for the parties' meet and confer efforts. Where appropriate, the Court proceeded with ordering action by the parties. The Court's guidelines and the parties' obligations as discussed at the hearing are set forth in the Court record. For clarity and ease of reference, the Court also provides the following written ORDER:

    (1) At the November 15 hearing, the Court ordered Plaintiff to produce documents containing the client identity and location information requested in Defendant's RFP 3 by December 8, 2017. Plaintiff requested an opportunity to submit further briefing as to why it should not be required to produce this information, which the Court denied at

the hearing.  Upon reconsideration, the Court will entertain further briefing on this issue.  By **November 21, 2017**, Plaintiff may file a letter brief not to exceed 3 pages on this issue; Plaintiff should not reiterate the objections Plaintiff has already raised as to the burden of producing this information and the confidential nature of the information. By **November 28, 2017,** Defendant may file a response to Plaintiff's letter brief, not to exceed three pages.

(2) By **December 1, 2017,** the parties must negotiate and submit to the Court a stipulated ESI order or a joint motion identifying any areas of disagreement concerning an ESI order to be entered in this case**.**

(3) By **December 8, 2017**, Defendant must do the following:

    a. Respond to the requests for production served by Plaintiff on November 8, 2017 ("the November 8 RFPs")**;**

    b. Produce data concerning broker transactions from 2015-present, as discussed at the joint letter brief regarding Plaintiff's motion to compel (ECF 119) at 1;

    c. Produce documents in response to the November 8 RFP(s) that correspond to the following items identified in the joint letter brief regarding Plaintiff's motion to compel (ECF 119), subject to any objections that Defendants may make in response to those November 8 RFP(s)**:**

        i. Meet and confer category[1] 10 as it relates to organizational charts for Newmark & Co. Real Estate, Inc.; and

        ii. Meet and confer category 11 as it relates to business cards and stationery for Barry Gosin, James Kuhn, Kevin Shannon, David Milestone, and Paul Talbot.

(4) By **December 8, 2017,** Plaintiff must do the following**:**

    a. Provide Defendants with a list of names and companies of recipients of the email from Plaintiff regarding a sexual harassment lawsuit against one of

---

[1] The "meet and confer category" numbers refer to the categories described in Plaintiff's July 19, 2017 letter to Defendants.

Defendants' former brokers; and

    b.  Serve supplemental responses that comply with Federal Rule of Civil Procedure 34(b)(2) for the 12 RFPs for which Plaintiff has not yet served such supplemental responses.

(5) By **December 15, 2017,** Defendants must produce the documents in response to the November 8 RFP(s) that correspond to the following items in the joint letter brief concerning Plaintiff's motion to compel (ECF 119), subject to any objections that Defendants may make in response to those November 8 RFP(s)**:**

    a.  Meet and confer category 2; and

    b.  Meet and confer category 3.

(6) As to the production of additional documents in the categories discussed above and as to all remaining issues raised by the parties in their joint discovery letter briefs, the parties must engage in further robust, good faith meet and confer efforts, involving persons with authority to reach compromise on those disputes, following the guidance provided by the Court at the November 15, 2017 hearing.

(7) The Court expects the parties to resolve their discovery disputes through meet and confer. If it is necessary to involve the Court in any remaining dispute, the parties must provide a joint status report summarizing the dispute(s) in a chart identifying each disputed issue and setting forth each party's proposal on that dispute, without further argument. The parties must also submit to the Court the particular discovery request(s) at issue.

    **SO ORDERED.**

Dated: November 16, 2017

SUSAN VAN KEULEN
United States Magistrate Judge

3