UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br>Plaintiff, <br><br>v. <br><br>BGC PARTNERS, INC., et al., <br><br>Defendants. | Case No. 16-cv-01702-BLF (SVK) <br><br>**ORDER ON JOINT STATEMENT RE DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE HOWARD LUTNICK DEPOSITION** <br><br>Re: Dkt. No. 192 |

Before the Court is the parties' joint statement regarding Defendants' request for a protective order to prevent or delay the deposition of Howard Lutnick, who is the Chairman and Chief Executive Officer of Defendant BCG Partners, Inc. and who also acts as Director and Chairman of Defendant Newmark & Company Real Estate, Inc., a BCG subsidiary. ECF 192. Defendants argue that they are entitled to a protective order under the "apex doctrine" concerning depositions of high-ranking corporate officers because Plaintiff has not demonstrated that Mr. Lutnick has relevant and unique knowledge that cannot be obtained through other discovery. Plaintiff argues that it is entitled to take Mr. Lutnick's deposition because of his direct involvement in and knowledge of the alleged trademark infringement in this case.

Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court...." Under Rule 26(c)(1), however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The party seeking a protective order has the burden of showing good cause by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"When a party seeks the deposition of a high-level executive (a so-called 'apex'

deposition), the court may exercise its discretion under the federal rules to limit discovery." *Affinity Labs of Tex. v. Apple, Inc.*, No. C 09-4436 CW, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011). This discretion may be warranted because "such discovery creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation omitted). In deciding whether an apex deposition may proceed, courts consider: (1) whether the deponent has unique, first-hand, non-repetitive knowledge of the facts at issue in the case, and (2) whether the party seeking the deposition has exhausted less intrusive discovery methods. *Id.* Courts in this district have, however, reiterated that "it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances. When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.*, 282 F.R.D. at 263 (internal quotation omitted); *see also Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG (KAW), 2017 WL 4127992, at *2 (N.D. Cal. Sep. 19, 2017).

     In arguing that it is entitled to depose Mr. Lutnick at this time, Plaintiff focuses on Mr. Lutnick's position as a "top decisionmaker" for BCG and Newmark & Company Real Estate. *See* ECF 192 at 4. Of course, the same could be said for any "apex" deponent; a general assertion of a deponent's decisionmaking power is not sufficient to demonstrate that the deponent has unique, first-hand, non-repetitive knowledge of the facts at issue. Similarly, Mr. Lutnick's public statements cited by Plaintiff are too general to establish his unique knowledge. Plaintiff's showing at this time falls far short of demonstrating that Mr. Lutnick has unique, relevant knowledge. According to the parties' joint statement, Plaintiff has requested twelve other depositions (including a Rule 30(b)(6) deposition) and has served numerous interrogatories and document requests. This other discovery may obviate the need for Mr. Lutnick's deposition or, alternatively, provide Plaintiff with specific facts demonstrating that Mr. Lutnick has unique and relevant knowledge.

     Accordingly, the Court GRANTS Defendant's request for a protective order prohibiting Mr. Lutnick's deposition at this time. This order is without prejudice to Plaintiff's ability to file a timely request with the undersigned to compel Mr. Lutnick's deposition if further discovery

2

demonstrates that Mr. Lutnick's deposition is necessary.  If such a request to compel is granted, Defendant will be obligated to make Mr. Lutnick available for deposition in a timely manner.

**SO ORDERED.**

Dated: February 1, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge