UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BGC PARTNERS, INC., et al., <br><br> Defendants. | Case No. 16-cv-01702-BLF (SVK) <br><br> **ORDER ON (1) DEFENDANTS' MOTION FOR MODIFICATION OF DISCOVERY LIMITS; (2) DEFENDANTS' ADMINISTRATIVE MOTION TO SERVE SUBPOENAS BY ALTERNATIVE MEANS; AND (3) JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RELATED TO DAVID MILESTONE AND KEVIN SHANNON** <br><br> Re: Dkt. Nos. 234, 246, 248 |

Before the Court are three discovery disputes: (1) Defendants' motion for modification of discovery limits or enforcement of agreement re depositions (ECF 234); (2) Defendants' administrative motion to serve subpoenas by alternative means (ECF 246); and (3) the parties' joint statement regarding plaintiff's motion to compel documents related to David Milestone and Kevin Shannon (ECF 248). On March 20, 2018, the Court held a hearing on the three disputes. The Court's guidelines and the parties' obligations as discussed at the hearing are set forth in the Court record. For clarity and ease of reference, the Court also provides the following written order.

(1) On Defendants' motion for modification of discovery limits or enforcement of agreement re depositions, the Court ORDERS as follows:

    a. Defendants may take continued depositions of George Mitsanas, Michael Heagerty, and Mark Ritchie. Each deposition shall be limited to 3 hours, regardless of whether the witness's original deposition reached the 7-hour limit under Federal Rule of Civil Procedure 30(d)(1).

    b. Defendants may take the depositions of Plaintiff's founders, Bill Monheit and Mitch Zeemont. The normal one day, 7-hour limit applies to each deposition.

    c. Defendants may take the depositions of an additional 5 fact witnesses. Each deposition shall be limited to one half-day of 3.5 hours.

    d. Defendants may take a Rule 30(b)(6) deposition of Plaintiff. The parties are directed to meet and confer in good faith regarding a reasonable scope for this deposition.

    e. The limits set forth above do not apply to the possible deposition of Michelle Khan. The parties are directed to meet and confer in good faith regarding their disputes over that deposition and, if they are unable to resolve them, to present them in accordance with the undersigned's Civil Scheduling and Discovery Standing Order as soon as possible.

    f. This order relates to fact depositions only; the limits set forth above do not apply to depositions of expert witnesses.

(2) On Defendants' administrative motion for leave to serve subpoenas for documents and testimony on third-party witness Chris Caras by alternative means is GRANTED. Plaintiff's counsel must notify Defendants' counsel within 24 hours as to whether Plaintiff's counsel is authorized to accept service of the subpoenas on behalf of Mr. Caras. If not, Defendant may serve the subpoenas on Mr. Caras via overnight mail addressed to his place of business, with copies sent via email to his business email address and to Plaintiff's counsel.

(3) On the parties' joint statement regarding plaintiff's motion to compel documents related to David Milestone and Kevin Shannon, the Court refers the parties to the discussion at the hearing on November 15, 2017 regarding the scope of production and ORDERS as follows:

    a. No later than 12:00 p.m. PDT on March 22, 2018, Defendants must provide a signed declaration under oath explaining how they conducted the search for responsive documents concerning Messrs. Milestone and Shannon, including

the sources that were searched and the search parameters that were used. If, in the process of preparing the declaration, Defendants identify additional steps that need to be taken to collect responsive documents regarding these individuals, Defendants shall identify those steps in a cover letter to be filed with the Court by the same deadline.

    b. Plaintiff may, but is not required to, file a response to Defendants' submission no later than 12:00 p.m. PDT on March 23, 2018. Plaintiff's response shall not exceed 2 pages.

(4) The parties' filings and their arguments at the hearing indicate that they may have other unresolved discovery disputes, such as a dispute over ESI terms. As the Court instructed the parties at the hearing, the parties are ORDERED to engage in robust, good faith meet and confer in an effort to resolve their disputes, with an eye towards the case schedule, under which fact discovery will end on April 27, 2018 (ECF 35).

**SO ORDERED.**

Dated: March 20, 2018

*[signature: Susan van Keulen]*

SUSAN VAN KEULEN
United States Magistrate Judge