UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BGC PARTNERS, INC., et al.,<br><br>Defendants. | Case No.16-cv-01702-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY MOTION RE PLAINTIFF'S RESPONSES TO DEFENDANTS' FIFTH SET OF REQUESTS FOR PRODUCTION AND NON-PARTY CHRIS CARAS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA FOR DOCUMENTS**<br><br>Re: Dkt. No. 298 |

Before the Court is the parties' joint discovery letter brief regarding (1) Plaintiff's responses to certain requests in Defendants' fifth set of requests for production ("RFPs") and (2) non-party Chris Caras's responses and objections to Defendants' subpoena for documents. Following review of the parties' submissions, the Court ORDERS as follows:

**PLAINTIFF'S RFP RESPONSES**

**RFP Nos. 101, 102, 103, 125, and 126**

Defendants challenge Plaintiff's refusal to produce any documents in response to RFP Nos. 101, 102, 103, 125, and 126, which seek documents regarding certain individuals' text messages, chats, and/or private messages. Defendants argue that the documents sought are relevant and proportional to the needs of the case, particularly in light of Plaintiff's submission of a text message between Plaintiff's executive George Mitsanas and a third party ("Frank") as an exhibit to one of Plaintiff's motions regarding the preliminary injunction in this case. Plaintiff responds by arguing primarily that Defendants have not following the necessary procedures under the ESI Order in this case to obtain discovery of text messages, chats, or private messages.

Rule 34 permits requests for the production of electronically stored information, which is

defined broadly to include "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations [that are] stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A).

The ESI Order in this case, which was based on a stipulation between the parties, takes a more limited approach to the discoverability of ESI. The ESI Order provides that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')" and that "[t]o obtain email parties must propound specific email production requests pursuant to Section VII below." ECF 168 at ¶ 31. The reference to "Section VII" appears to be a typographical error because there is no Section VII in the document; Section VI relates to email production. Section VI requires that email production requests must "identify the custodian(s), search term(s), and date range(s) for the email sought." *Id.* at ¶ 32. The ESI Order also provides that "[a]bsent a showing of good cause, voicemails, mobile phones, and tablets are deemed not reasonably accessible and need not be searched or collected from in response to a discovery request. *Id.* at ¶ 5; *see generally* Fed. R. Civ. P. 26(b)(2)(B) (requesting party must show good cause to compel discovery of electronically stored information from sources that the producing party shows are not reasonably accessible due to undue burden or cost).

Here, Defendants do not seek to rely on "general ESI production requests" to obtain the text messages, chats, and private messages they seek. RFP Nos. 101, 102, 103, 125, and 126 specifically request text messages, chats, and/or private messages. Defendants specified the relevant custodians, either in the requests for production or subsequent meet and confer. *See* ECF 298 at 1. However, Defendants do not appear to have identified the search terms or date ranges for the text messages, chats, or private messages, as required under section 5 of the ESI Order. Moreover, there is no evidence that the requested text messages, chats, or private messages would be available on Plaintiff's central repositories; instead, it appears these items are available only through the relevant individuals' mobile phones or other devices. As such, Defendants must demonstrate good cause for the discovery. ESI Order ¶ 5.

The Court finds that Defendants have demonstrated good cause to seek production of any text exchanges between Mr. Mitsanas and third party "Frank" that are directly related to the text message that Plaintiff filed with the Court at ECF 199-08, and thus Defendants' motion to compel is GRANTED with respect to such text exchanges. This includes any text messages from Mr. Mitsanas that initiated or responded to the exchange at ECF 199-08 and any other text messages between Mr. Mitsanas and Frank on the issue of Frank's confusion between Plaintiff and Defendants.

Defendants have failed to demonstrate good cause for their remaining RFPs seeking text messages, chats, and private messages, and thus Defendants' motion to compel production in response to RFP Nos. 101, 102, 103, 125, and 126 is DENIED except as set forth above.

**RFP No. 105**

Defendant moves to compel Plaintiff to produce documents in response to RFP No. 105, which seeks documents prepared, sent, or received by Plaintiff relating to the Court's November 16, 2017 Preliminary Injunction Order. Defendant has failed to demonstrate that the information sought is relevant or proportional to the needs of the case, and therefore Defendants' motion to compel production in response to RFP No. 105 is DENIED.

## SUBPOENA TO THIRD PARTY CHRIS CARAS

Defendants also seek to compel third party Chris Caras to produce documents, including emails and other ESI, in response to a Rule 45 subpoena to Mr. Caras. The parties disagree about whether third parties are covered by the ESI Order in this case, including whether a third party counts towards each party's limit of 15 email custodians. Defendants' portion of the joint submission states that "Plaintiff's counsel refuses to produce ESI from *these non-parties*" (ECF 298 at 3), which suggests that this dispute may extend beyond the subpoena served on Mr. Caras. The parties are ORDERED to meet and confer regarding all outstanding third party ESI production issues and present any issues that must be resolved by this Court in a single joint motion. The motion to compel with regard to Mr. Caras's subpoena is DENIED without prejudice to Defendants raising this issue in a joint motion; this Order expresses no opinion on the merits of the parties' arguments.

**CONCLUSION**

For the foregoing reasons, Plaintiff is ordered to produce any text exchanges between Mr. Mitsanas and third party "Frank" that are directly related to the text message that Plaintiff filed with the Court at ECF 199-08. Defendants' motion to compel is otherwise DENIED.

**SO ORDERED.**

Dated: April 25, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge