UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC.,<br>Plaintiff,<br>v.<br>BGC PARTNERS, INC., et al.,<br>Defendants. | Case No. 16-cv-01702-BLF (SVK)<br><br>**ORDER ON JOINT STATEMENT RE MOTION TO COMPEL RESPONSES TO DEFENDANT NEWMARK & COMPANY'S FIRST SET OF INTERROGATORIES**<br><br>Re: Dkt. No. 304 |

Before the Court is the parties' Joint Statement Regarding Motion to Compel Responses to Defendant Newmark & Company's First Set of Interrogatories. ECF 304. Defendants seek to compel Plaintiff to provide amended responses to Defendants' First Set of Interrogatories Nos. 1-5.

According to the joint statement, Plaintiff has already agreed to supplement its responses to Interrogatory Nos. 1, 3, 4, and 5. ECF 304 at 2. Accordingly, the Court DENIES Defendants' motion to compel as it relates to those interrogatories, without prejudice to Defendants' ability to file a further joint statement if, following meet and confer, issues remain with respect to Plaintiff's supplemental responses.

The only ripe issue is with respect to Plaintiff's response to Interrogatory No. 2. That interrogatory seeks all facts relating the Plaintiff's allegation in its Complaint and elsewhere that it has been damaged by Defendants' use of "NEWMARK." Defendants argue that they are entitled to such information in order to understand Plaintiff's damages theory. Plaintiff argues that it need not supplement its response to Interrogatory No. 2 because (1) Plaintiff intends to seek recovery of Defendants' profits; (2) information about what conduct and activity Defendants have engaged in that purportedly damaged Plaintiff can be found in Plaintiff's pleadings; (3) the answer to the

question of when Plaintiff believes it began to suffer damages "is dependent on when the infringing activity began which will be revealed in discovery"; (4) Plaintiff's answers depend at least in part on Defendants' production of documents, including financial information; and (5) Defendant Newmark & Company Real Estate, Inc. has served more than 25 interrogatories.

The Court GRANTS Defendants' motion to compel a further response to Interrogatory No. 2. Plaintiff may not simply rely on its pleadings but must provide all available, responsive information concerning its damage theory. If Plaintiff's damages theory is that it is entitled to Defendants' profits, it must provide an interrogatory response so stating. Fact discovery closes in just a few days, and Plaintiff must provide a response with as much detail as possible based on the information it has to date. Although it appears that Defendants were somewhat careless in propounding interrogatories in such a way that resulted in Defendant N&Co. exceeding the limit of 25 interrogatories per party, the Court will permit such already-served interrogatories on the grounds that the total number of interrogatories as between the two Defendants does not exceed the limits set in Federal Rule of Civil Procedure 33.

**SO ORDERED.**

Dated: April 25, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge