UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BGC PARTNERS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-01702-BLF (SVK)<br><br>**ORDER ON JOINT STATEMENT REGARDING DEFENDANTS' FURTHER MOTION TO COMPEL RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS**<br><br>Re: Dkt. No. 313 |

Before the Court is the parties' Joint Statement Regarding Defendants' Further Motion to Compel Responses to Defendants' First Set of Requests for Admission ("Motion"). ECF 313. The Motion follows an earlier dispute regarding Plaintiff's RFA responses, on which the Court issued an order on April 19, 2018. ECF 292. In the Motion, Defendants identify three areas where disputes remain regarding Plaintiff's responses to Requests for Admissions ("RFAs"): (1) "Disputed RFAs," which are RFA responses Plaintiff has refused to supplement; (2) "RFAs for which Plaintiff says it will provide a 'qualified admission'"; and (3) "RFAs for which Plaintiff says it will provide denials but has not yet supplemented its responses." For category (1), the Court's ruling is set forth below. For categories (2) and (3), the Court ordered Plaintiff to provide its supplemental responses by 9:00 a.m. on May 2, 2018 (ECF 316) and, if the parties are unable to comply with the Court's instructions in the closing paragraph of this order, will hold a telephonic hearing on the remaining disputes later that day. The Court ORDERS as follows:

**Legal Standards**

A party may serve RFAs relating to facts, the application of law to fact, or opinions about either, as well as the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). "The purpose

of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

In responding to RFAs, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

A matter may be deemed admitted if the answer does not comply with the requirements of Rule 36, such as where the responding party fails to answer or object to a proper RFA or offers an evasive denial. *Asea*, 669 F.2d at 1245. Even where a response contains the statement required by Rule 36(a) concerning the party's inability to admit or deny after a reasonable inquiry, that response "does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter." *Id.* at 1247. Although a district court may in its discretion deem such RFAs admitted, "the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." *Id.*; *see also Rodriguez v. Barrita, Inc.*, No. 09-04057 RS-PSG, 2011 WL 4021410, at *5 (N.D. Sept. 9, 2011) (holding that deeming RFAs admitted is a "severe sanction" not ordinarily granted).

Even if the Court does not deem an RFA admitted, the propounding party may have other remedies available. For example, "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may

2

move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2).

**Disputed RFAs**

Plaintiff responded to each of the "Disputed RFAs" listed in Section I of the chart in the Motion by stating that it "has conducted a reasonable and diligent investigation and the information it knows or can readily obtain is insufficient to enable it to admit or deny this request." Defendants request that the Court deem these RFAs admitted because, according to Defendants, "[i]f Plaintiff had conducted a reasonable search, including inquiring of the people most likely to have relevant information (i.e., Plaintiff's principals), it would be able to admit or deny this RFA." Motion at 3. Plaintiff asserts that it "has conducted a thorough and diligent investigation, including interviewing ten of Plaintiff's principals, to determine whether they recall these numerous unspecified events over long periods of time." *Id.* at 15.

The Court holds that Plaintiff's responses comply with Rule 36(a), and in this case and in light of the subject matter of the specific RFAs at issue, the Court will not exercise its discretion to compel further responses or deem these matters admitted. Simply because Defendants believe Plaintiff "would be able to admit or deny" does not provide grounds for compelling Plaintiff to do so. For example, where RFAs are directed to whether specific words were spoken or written by certain persons several years ago (RFA No. 43), Plaintiff's response that after a reasonable investigation it can neither admit nor deny is credible. Other RFAs are similarly structured and include a reference to the state of mind of third parties (RFA Nos. 101-103); again a statement that information reasonably available to Plaintiff is insufficient to enable Plaintiff to admit or deny such inquiries is credible. The Court notes that Plaintiff's responses to RFA Nos. 119, 120, 131, while credible for the reasons stated above, may provide grounds for an objection by Defendant should Plaintiff offer any such documents at trial.

3

| RFA No. | Order |
|---|---|
| 43<br>Admit that at least one of NRC's principals referred to N&CO. as "Newmark" before 2009. | Defendants' motion to compel/deem admitted denied. |
| 101<br>Admit that third parties contacted NRC before 2012 under the mistaken belief that it was affiliated with DEFENDANTS. | Defendants' motion to compel/deem admitted denied. |
| 102<br>Admit that third parties contacted NRC before 2010 under the mistaken belief that it was affiliated with DEFENDANTS. | Defendants' motion to compel/deem admitted denied. |
| 103<br>Admit that third parties contacted NRC before 2008 under the mistaken belief that it was affiliated with DEFENDANTS. | Defendants' motion to compel/deem admitted denied. |
| 110<br>Admit that YOU were aware, before 2002, that DEFENDANTS had physical locations (i.e. offices) in California operating under a name that included "Newmark." | Defendants' motion to compel/deem admitted denied. |
| 119<br>Admit that NRC received emails intended for one of the DEFENDANTS before April 4, 2016. | Defendants' motion to compel/deem admitted denied. |

| | |
|---|---|
| 120<br>Admit that NRC received emails intended for one of the DEFENDANTS before January 1, 2012. | Defendants' motion to compel/deem admitted denied. |
| 131<br>Admit that, before 2012, NRC received communications intended for another entity (i.e. not NRC or N&CO.) named Newmark. | Defendants' motion to compel/deem admitted denied. |
| 154<br>Admit that NRC has published more press releases in the last three years (in total) than in the previous 15 years combined. | Defendants' motion to compel/deem admitted denied. |

The Court restates its previous admonitions, despite their apparent lack of effectiveness, that the parties give concerted consideration to the Court's rulings on the RFAs to date, engage in good faith meet and confer efforts at the highest levels, and resolve any remaining disputes as to RFA responses without further Court intervention. If and only if those efforts are unsuccessful will the Court hold the telephonic hearing on May 2 as referenced in ECF 316.

**SO ORDERED.**

Dated: May 1, 2018

SUSAN VAN KEULEN
United States Magistrate Judge
5