UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BGC PARTNERS, INC., et al., <br><br> Defendants. | Case No. 16-cv-01702-BLF   (SVK) <br><br> **ORDER ON JOINT STATEMENT RE SUBPOENAS TO NON-PARTIES CHRIS CARAS AND PARACORE, LLC** <br><br> Re: Dkt. No. 345 |

In accordance with the Court's May 7, 2018 Order on Joint Statement re Defendants' Motion for Production of Third Party ESI (ECF 342), third parties Chris Caras and ParaCore LLC on the one hand, and Defendants on the other hand, submitted a chart setting forth the disputed categories of documents sought in Defendants' subpoenas to Mr. Caras and ParaCore (ECF 345). The Court ORDERS as follows with respect to these subpoenas:

**I.    Subpoena to Chris Caras**

| **Category of Information Sought** | **Mr. Caras's Objection** | **Defendants' Position** | **Proposed Compromises** | **Order** |
|---|---|---|---|---|
| 1.    All COMMUNICATIONS with NRC or its counsel (including the law firm Sheppard Mullin). | Mr. Caras's declaration, which spans only *five* paragraphs of substantive testimony, was directed toward the limited topic of his experience in 2002-2005 while employed at *Defendant* Newmark & | Mr. Caras's declaration is not, as he claims, limited to discussing his experiences while at N&Co. (*See* Dkt. 202-2 at ¶ 4 ("*To this day*, I think of Newmark Knight Frank as a real estate | Defendants' offer: Defendants offer to narrow to all communications with NRC or its counsel regarding Defendants or this litigation (including providing testimony or any | Mr. Caras shall produce all documents, including emails from any account, reflecting communications between Mr. Caras and NRC or its counsel regarding Defendants or |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | Company Real Estate, Inc. (Dkt. 202-2, ¶¶ 4-8.) He also uses a single sentence to express his personal perception of Newmark Knight Frank's business today. (*Id.*, ¶ 4.) This testimony does not entitle Defendants to every single email he ever exchanged with Plaintiff or any of its lawyers *for all time*, from *any* email address he has ever used.

Moreover, obtaining emails from Mr. Caras beyond his personal email address (such as from his work email address at CBRE) would be disproportionate. The testimony in Mr. Caras's emails are his own personal testimony, not those of his employer CBRE. At *no point* does he use the collective "we" or "us" to imply | transactional brokerage firm, and not a firm that arranges or structures financing for commercial properties."); ¶ 5 (I did not think of Mr. Kolsky as a debt or equity financing professional, *nor do I think of him as one now*."); ¶ 6 (opining that certain language "does not describe debt and equity financing") (emphasis added).)

Importantly, Mr. Caras must produce emails from his work email address at CBRE (in addition to personal email accounts), as such emails are in his possession or control. Notably, Mr. Caras has already produced some of his CBRE emails (in particular, communications | assistance in this litigation, such as his declaration).

Mr. Caras's proposed compromise is a ploy to hide communications with Plaintiff itself, despite the fact that Plaintiff's principals solicited the very testimony Mr. Caras submitted via declaration, and Defendants believe Mr. Caras communicated with Plaintiff's principals using his CBRE email address.

Though Mr. Caras complains about the timing of this offer, counsel agreed to exchange their positions at 9:00 a.m. this morning. Moreover, Mr. Caras's prior position was an absolute refusal to produce *any* ESI regardless of any | the subject litigation from the period January 1, 2017-present.

With regards to Mr. Caras's work email address at CBRE, if Mr. Caras provides an affidavit stating unequivocally that he did not communicate with NRC or its counsel through that email account, his obligation to search that account for responsive documents shall be relieved.

Documents that either a party or third party claim are privileged are to be reflected in a privilege log.

Production to be completed by **May 18, 2018**. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | that his opinions are shared by those of his employer CBRE.<br><br>Importantly, the emails of Mr. Caras's CBRE email account are the **property of CBRE**, not Mr. Caras, and **not** within his "possession, custody, or control." The emails Mr. Caras produced from his CBRE account were those exchanged with **Sheppard Mullin**, and therefore within **Sheppard Mullin's** files. Mr. Caras expressly (in writing) produced these documents without any waiver of any rights whatsoever.<br><br>Notably, the subpoena was directed to Mr. Caras as an **individual**, not to him as a representative of his employer CBRE, and Mr. | with Sheppard Mullin), thereby demonstrating that relevant emails exist and waiving any objection to producing such emails. It would be unfair for Mr. Caras to email Plaintiff or its counsel about Defendants or this litigation through his work email and then claim he should not have to produce emails from that account. For example, to the extent Plaintiff's principals exchanged emails with Mr. Caras through his work account and told Mr. Caras what to say in his declaration, Defendants are entitled to those highly relevant emails.<br><br>Mr. Caras also cites no authority for the proposition that emails to / from his work email address are the | compromise Defendants would offer.<br><br><u>Mr. Caras's position</u>: Defendants' "offer" above was made for the first time at 9 a.m. the morning this chart was due (and up until this moment they have never compromised one iota). It is still too broad because it seeks emails from Mr. Caras's CBRE email address (which is not his property) and is unbounded by time. If Defendants wanted CBRE emails, they could have issued a subpoena to CBRE (as they did with another third party Greg Michaud and his employer Voya Investment Management), but they elected not to.<br><br>Mr. Caras has **already** produced **all** | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | Caras has treated it accordingly. To order emails from beyond Mr. Caras's personal email account would exceed the scope of the subpoena.<br><br>In earlier meet and confers, Defendants speculated that the emails would show bias, but this is completely disproportionate and a violation of Rule 45(d)(1), which mandates a district court to prevent a party from using a subpoena to impose undue burden on a third party. If Defendants want to show that, contrary to Mr. Caras's testimony, their Southern California office performed debt and equity financing in 2002-2005, they should proffer evidence of the debt and equity financing transactions they actually | sole property of his employer CBRE and cannot be obtained through a validly issued subpoena to Mr. Caras. Mr. Caras should not be permitted to hide relevant emails simply because he used his work email account.<br><br>Moreover, Mr. Caras has not satisfied his burden of proving undue burden or expense. Specifically, it appears that Mr. Caras has not searched for responsive documents and thus it is possible that only a minimal number of responsive documents exist. When Defendants' counsel asked for an approximation of the volume of responsive documents, opposing counsel either | responsive non-privileged emails with the Sheppard Mullin law firm, and respectfully submits this is the proper compromise for this document request. | |

4

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | performed during that period. Instead, they try to skirt around this work by using Rule 45 to harass Mr. Caras. | would not or could not provide one.<br><br>To obviate Plaintiff's objection that Defendants seek all emails exchanged with Plaintiff and its lawyers, Defendants have offered to narrow this request to communications with Plaintiff or its lawyers relating to Defendants or this litigation. | | |
| 2. All DOCUMENTS relating to COMMUNICATIONS with NRC or its counsel, including typed or hand-written notes and any documents concerning transactions on which YOU have worked with NRC. | *See* Mr. Caras's objection as to Request No. 1 above.<br><br>Defendants have never proffered—even here—any satisfactory explanation for how "any documents concerning" Mr. Caras's transactions with Plaintiff would have any relevance to the claims and defenses in the | Defendants incorporate their position as set forth for request no. 1 above.<br><br>The documents sought, particularly in light of Defendants' offer to compromise, are relevant to undermine the assertions in Mr. Caras's declaration, show bias, and potentially reflect that the | Defendants' offer: Defendants offer to narrow to all communications with NRC or its counsel regarding Defendants or this litigation (including providing testimony or any assistance in this litigation, such as his declaration).<br><br>As to documents relating to transactions that | The request is overbroad and is therefore denied, without prejudice to Defendants questioning Mr. Caras as to the existence and nature of business relationships between Mr. Caras and NRC. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | case. Such ESI certainly has absolutely *no relationship* whatsoever to Mr. Caras's testimony that *Defendant* did not perform debt and equity financing services in 2002-2005 (13 years ago). Defendants' demand for *all* documents "concerning" such transactions is overbroad and unduly burdensome.<br><br>Defendants' offer to limit such documents to the last 3 years does not make such documents any more relevant. In fact, that means a full *decade* separates the subject of Mr. Caras's testimony from the documents Defendants seek, further emphasizing the complete lack of relevance. | content of his declaration was influenced by Plaintiff or its counsel. | Mr. Caras has worked on with NRC, Defendants would limit it to the past 3 years. Plaintiff should indicate whether that limitation would generate more than 10 total transactions; Defendants believe the total will be lower.<br><br>Mr. Caras's position: Defendants' "offer" above was made for the first time at 9 a.m. the morning this chart was due (and up until this moment they have never compromised one iota). It is still too broad because it seeks emails from Mr. Caras's CBRE email address (which is not his property) and is unbounded by time as to ESI communications. If Defendants wanted CBRE emails, they could have issued a | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | | | subpoena to CBRE (as they did with another third party Greg Michaud and his employer Voya Investment Management), but they elected not to.<br><br>The request for **all** documents "concerning" Mr. Caras's transactions with Defendants is facially improper and should be denied in its entirety.<br><br>Mr. Caras has **already** produced **all** responsive non-privileged emails with the Sheppard Mullin law firm, **as well as all documents attached thereto**, and respectfully submits this is the proper compromise for this document request. | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| 3. All DOCUMENTS relating to the Declaration of Chris Caras that YOU executed under penalty of perjury on February 9, 2018, including draft declarations and any DOCUMENTS that YOU reviewed, considered, or consulted in preparing or revising the declaration, including without limitation any internal communications at CBRE relating to the Declaration. | Mr. Caras has already produced all documents responsive to this request, and is not withholding any responsive documents on the basis of any objections. | Defendants incorporate their position as set forth for request no. 1 above.<br><br>Such documents are highly relevant as Mr. Caras put them at issue given the statements made in his declaration.<br><br>Although Mr. Caras claims he has produced all responsive documents, it is Defendants' understanding that Mr. Caras has not produced anything from his own files but that Sheppard Mullin instead produced its emails with Mr. Caras on his behalf. Further, given that Mr. Caras only produced 37 documents to date (almost exclusively emails with Sheppard Mullin and draft declarations), Defendants believe he likely | Mr. Caras's position: A compromise is not applicable, as Mr. Caras has already produced all documents responsive to this request, and is not withholding any responsive documents on the basis of any objections.<br><br>Mr. Caras has already conducted a reasonable and diligent search, and there is nothing for the Court to further order. Defendants' attempt to distinguish between Sheppard Mullin emails obtained from Sheppard Mullin's files and Mr. Caras's own files is illogical and a ruse—they are the same documents regardless of whose "files" they were | The request is proper and it appears that Mr. Caras has complied with it. No further order from the Court. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | | is in possession of additional documents "relating to" his declaration and the assertions therein. Defendants thus ask the Court to order Mr. Caras to conduct a reasonable and diligent search for any ESI relating to the assertions in his declaration. | obtained from. | |
| 5.      DOCUMENTS sufficient to show every entity to which YOU have referred a client for debt or equity financing services. | *See* Mr. Caras's objection as to Request No. 1 above.<br><br>This request is extremely vague and overbroad, and unduly burdensome. The request is not bounded by time in any way, even though Mr. Caras has been in the commercial real estate industry for decades. Nor does it specify what would count as a "referral," or how Mr. Caras would identify any such | Defendants incorporate their position as set forth for request no. 1 above.<br><br>The requested documents are relevant to show the companies that Mr. Caras considers as competitors to Plaintiff (i.e., companies which Mr. Caras believes provide debt and equity financing services), and assess the volume of referrals that Mr. Caras – who has a side business investment with | Defendants' offer: Defendants offer to narrow the timeframe of responsive documents to three (3) years, from May 2015 to May 2018, and ask that Mr. Caras provide a summary list of such referrals, redacted to keep the particular deals confidential.<br><br>Mr. Caras' assertion below that "he has already compromised by producing documents | The request is overbroad and is therefore denied, without prejudice to Defendants questioning Mr. Caras as to who Mr. Caras considers competitors to Plaintiff and as to the volume of referrals between Mr. Caras and Plaintiff. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | referrals over his entire career. A referral can take many forms, from a simple introduction to something more involved.<br><br>Defendants say the requested documents would show who "Mr. Caras considers as competitors to Plaintiff." *First*, Defendants never bother to explain how any logical inference can be made from "referrals" to "competitors." *Second*, obtaining all of Mr. Caras's referral information would be a wholly disproportionate method to discover Plaintiff's competitors. It is *Defendant's* competitors that matter in this case, because—as Plaintiff has asserted—*Defendant* never meaningfully competed with debt and equity | several of Plaintiff's principals – sends to Plaintiff.<br><br>This request is not "overbroad and unduly burdensome" as it seeks documents "sufficient to show" and has been narrowed to a three-year period. | responsive to other requests (including those not identified in this chart)" is false. The only request not set forth in this chart sought Mr. Caras's resume, and in response Mr. Caras produced his publicly available professional profile.<br><br>Mr. Caras's position: Defendants' "offer" above was made for the first time at 9 a.m. the morning this chart was due (and up until this moment have never compromised one iota). It is still overbroad. Defendants say that the request is relevant to assess the volume of referrals Mr. Caras sends to Plaintiff. Yet Defendants are not seeking "volume" (which is just a number), nor are | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | financing firms until recently, and certainly not with mortgage banking firms. | | they limiting their request for referrals solely to Plaintiff. <u>Importantly, their "offer" above is for a "summary list" (*i.e.*, for Mr. Caras to prepare this from scratch), which is not ESI, and therefore not the proper subject of this motion.</u><br><br>Mr. Caras submits that he has already compromised by producing documents responsive to other requests (including those not identified in this chart). This document request is improper for the reasons articulated and Mr. Caras should not be forced to incur further undue burden to respond. | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| 6. All COMMUNICATIONS with N&CO. employees or agents since you left the company. | Defendants are demanding ESI from Mr. Caras that, by definition should be in the possession, custody, or control of Defendants. They cannot shift this burden onto Mr. Caras to avoid this burden themselves. The Court must protect Mr. Caras from this undue and unfair burden. *See* Rule 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required **must** enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable | Defendants incorporate their position as set forth for request no. 1 above.<br><br>The requested documents are relevant to test the veracity of Mr. Caras's statements in his declaration regarding his lack of awareness of colleagues at N&Co. who provided debt and equity services. (Dkt. 202-2 at ¶¶ 4-8.) Defendants do not anticipate a large volume of responsive documents and are unable to limit by date given the broad nature of Mr. Caras's assertions. | Mr. Caras's position: Defendants even now are unwilling to compromise whatsoever on this request, and are expressly unwilling to limit this by any date range. They still try to shirk the burden of collecting responsive documents themselves, and impermissibly shift that burden onto Mr. Caras.<br><br>Mr. Caras submits that he has already compromised by producing documents responsive to other requests (including those not identified in this chart). This document request is improper for the reasons articulated and Mr. Caras should not be forced to incur further undue burden to | The request is overbroad in light of Mr. Caras's departure from N&Co in 2005 and is therefore denied, without prejudice to Defendants questioning Mr. Caras as his awareness or lack thereof of colleagues at N&Co who provided debt and equity services. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | attorney's fees—on a party or attorney who fails to comply.") (emphasis added).<br><br>If the Court is inclined to entertain this request, it should not allow Defendants to obtain emails from Mr. Caras beyond his personal email address (such as from his work email address at CBRE). The testimony in Mr. Caras's emails are his own personal testimony, not those of his employer CBRE. At **no point** does he use the collective "we" or "us" to imply that his opinions are shared by those of his employer CBRE.<br><br>Importantly, the emails of Mr. Caras's CBRE email account are the **property of CBRE**, not Mr. Caras, and **not** within his | | respond.<br><br>Defendants' response to Mr. Caras's position: Mr. Caras' assertion below that "he has already compromised by producing documents responsive to other requests (including those not identified in this chart)" is false. The only request not set forth in this chart sought Mr. Caras's resume, and in response Mr. Caras produced his publicly available professional profile.<br><br>Moreover, Mr. Caras's burden argument is completely unsubstantiated and amounts to nothing more than speculation designed to evade the production of relevant documents. | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | "possession, custody, or control." The emails Mr. Caras produced from his CBRE account were those exchanged with ***Sheppard Mullin***, and therefore within ***Sheppard Mullin's*** files. Mr. Caras expressly (in writing) produced these documents without any waiver of any rights whatsoever.<br><br>Notably, the subpoena was directed to Mr. Caras as an ***individual***, not to him as a representative of his employer CBRE, and Mr. Caras has treated it accordingly. To order emails from beyond Mr. Caras's individual, personal email account would exceed the scope of the subpoena. | | | |

| **Category of Information Sought** | **Mr. Caras's Objection** | **Defendants' Position** | **Proposed Compromises** | **Order** |
|---|---|---|---|---|
| 7. All COMMUNICATIONS in YOUR possession, custody, or control related to your previous employment with N&Co., including without limitation work papers and marketing materials. | This request is impermissibly vague, as the request is completely unclear as to the scope of what it means to be "related" to Mr. Caras's previous employment with Defendant. Nor have Defendants ever provided a satisfactory explanation as to how all such responsive ESI is relevant to the claims and defenses in this case.<br><br>Further, Defendants seek ESI from Mr. Caras that is in the possession, custody, or control of Defendants. They cannot shift this burden onto Mr. Caras to avoid this burden themselves. The Court must protect Mr. Caras from this undue burden. *See* Rule 45(d)(1) ("A party or attorney responsible for issuing and | Defendants incorporate their position as set forth for request nos. 1 and 6 above.<br><br>The requested documents are important to test the veracity of the assertions Mr. Caras made in his declaration, including his supposed lack of awareness of the nature of the services offered by his colleagues. Moreover, Mr. Caras has made no effort to actually demonstrate that he has a significant volume of responsive documents so that there is *any* burden associated with responding. | Mr. Caras's position: Defendants even now are unwilling to compromise whatsoever on this request. They still try to shirk the burden of collecting responsive documents themselves, and impermissibly shift that burden onto Mr. Caras.<br><br>Mr. Caras submits that he has already compromised by producing documents responsive to other requests (including those not identified in this chart and nonpublic drafts of his professional bio). This document request is facially improper and overbroad for the reasons articulated and Mr. Caras should not be forced to incur further undue | The request is overbroad as to communications and vague and ambiguous as to "related to . . . employment."<br><br>Mr. Caras shall produce any marketing materials relating to N&Co. that he has in his possession.<br><br>Production to be complete by **May 18, 2018**. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required ***must*** enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.") (emphasis added).<br><br>If the Court is inclined to entertain this request, it should not allow Defendants to obtain emails from Mr. Caras beyond his personal email address (such as from his work email address at CBRE). The testimony in Mr. Caras's emails are his own personal | | burden to respond.<br><br>Defendants' response to Mr. Caras's position: Mr. Caras' assertion below that "he has already compromised by producing documents responsive to other requests (including those not identified in this chart)" is false. The only request not set forth in this chart sought Mr. Caras's resume, and in response Mr. Caras produced his publicly available professional profile.<br><br>Moreover, Mr. Caras's burden argument is completely unsubstantiated and amounts to nothing more than speculation designed to evade the production of relevant documents. | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | testimony, not those of his employer CBRE. At **no point** does he use the collective "we" or "us" to imply that his opinions are shared by those of his employer CBRE.<br><br>Importantly, the emails of Mr. Caras's CBRE email account are the **property of CBRE**, not Mr. Caras, and **not** within his "possession, custody, or control." The emails Mr. Caras produced from his CBRE account were those exchanged with **Sheppard Mullin**, and therefore within **Sheppard Mullin's** files. Mr. Caras expressly (in writing) produced these documents without any waiver of any rights whatsoever.<br><br>Notably, the subpoena was | | | |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | directed to Mr. Caras as an **individual**, not to him as a representative of his employer CBRE, and Mr. Caras has treated it accordingly. To order emails from beyond Mr. Caras's individual, personal email account would exceed the scope of the subpoena, and the request. | | | |
| 8. ALL DOCUMENTS reflecting your statement to any person that any materials you distributed while at N&Co. were false and/or misleading. | This request is completely harassing and improper. It demands that Mr. Caras make a legal conclusion, i.e., identify documents that are "false and/or misleading," which is inappropriate for a document request. Document requests should ask for factual matter, not require a third party to make a judgment call as to what documents are "false and/or | Defendants incorporate their position as set forth for request nos. 1 <u>and</u> 6 above.<br><br>Mr. Caras asserts in his declaration: "Although [Defendants] advertised as providing debt and equity financing, we did not actually provide it." (Dkt. 202-2 at ¶ 8.) Given his assertion, Defendants seek communications, if any, in which Mr. Caras told | <u>Mr. Caras's position:</u> Defendants even now are unwilling to compromise whatsoever on this request. Their position in the previous column, which apparently revises what they seek, was expressed to Mr. Caras for the first time at 9 a.m. the morning this chart was due. It does not save Defendants' position, because it is still harassing, | Request is vague, ambiguous and overbroad and as such is denied without prejudice to Defendants questioning Mr. Caras as to whether he ever told anyone that N&Co's marketing materials were misleading or false. |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | misleading." | third parties that N&Co.'s marketing materials were misleading or false because they contained a reference to mortgage finance / debt and equity finance services. Defendants do not believe Mr. Caras has any such documents, but seek confirmation one way or the other. | improper, vague, and requires Mr. Caras to make a legal conclusion.<br><br>Mr. Caras submits that this document request is foundationally improper and should be denied in its entirety. Mr. Caras should not be required to make legal conclusions and identify ESI relating to documents that are purportedly "false and/or misleading."<br><br>Defendants' response to Mr. Caras's position: The request is proper as framed. | |
| 9.  DOCUMENTS sufficient to identify any transactions or potential transactions on which you are currently working with NRC. | Mr. Caras has confirmed that he produced a responsive document sufficient to identify the information sought by the request, which is Bates labeled as | Given Mr. Caras' representation, there is no outstanding issue for the Court to resolve on this request. | N/A | N/A |

| Category of Information Sought | Mr. Caras's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| | CARAS0000153. | | | |

## II.  Subpoena to ParaCore, LLC

| Category of Information Sought | ParaCore's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| 1.  All DOCUMENTS, including YOUR COMMUNICATIONS with NRC (including but not limited to Adam Parker), relating to Google Analytics, including log files, for any website owned by NRC (e.g. newmarkrealtycapital.com) for which YOU provided any web solution services. | ParaCore has conducted a reasonable and diligent investigation will produce all responsive and non-privileged documents by May 11, 2018, and will not withhold documents based on any of its objections other than privilege. | Given counsel's representation, Defendants expect a complete production of responsive documents by May 11, 2018. | N/A | N/A |
| 2.  All DOCUMENTS, including YOUR COMMUNICATIONS with NRC, relating to search engine optimization services that you performed for or recommend to NRC. | Same as above. | Same as above. | Same as above. | N/A |

| Category of Information Sought | ParaCore's Objection | Defendants' Position | Proposed Compromises | Order |
|---|---|---|---|---|
| 3. All DOCUMENTS, including YOUR COMMUNICATIONS with NRC, in YOUR possession, custody, or control in which YOU or NRC referred to N&Co.'s corporate names, trademarks, or websites. | Same as above. | Same as above. | Same as above. | N/A |
| 4. All DOCUMENTS, including YOUR COMMUNICATIONS with NRC, relating to Google AdWords lead generation services that you provided to or for NRC. | Same as above. | Same as above. | Same as above. | N/A |
| 5. All DOCUMENTS, including YOUR COMMUNICATIONS with NRC, relating to the confusion between NRC and N&Co. or the lawsuit filed by NRC against N&Co. | Same as above. | Same as above. | Same as above. | N/A |

**SO ORDERED.**

Dated: May 9, 2018

SUSAN VAN KEULEN
United States Magistrate Judge