UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BGC PARTNERS, INC., et al., <br><br> Defendants. | Case No. 16-cv-01702-BLF   (SVK) <br><br> **ORDER ON JOINT STATEMENT ON PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE ESI AND MEET AND CONFER REQUIREMENTS** <br><br> Re: Dkt. No. 347 |

**1. Order on Plaintiff's Motion to Compel ESI**

Before the Court is the parties' Joint Statement on Plaintiff's Motion to Compel Defendants to Produce ESI. ECF 347. Plaintiff moves to compel Defendant to produce ESI in response to six disputed search terms. Defendants oppose the motion, arguing that the terms are overly broad and that the searches would impose undue burden and expense on Defendants.

As a preliminary matter, the Court finds Defendants' argument that responding to the disputed search terms would pose undue burdens and expenditures unpersuasive in the context of this case. The ESI Order in this case requires the parties to use "reasonable efforts" to perform proximity searching. ECF 168 at ¶ 10. According to Defendants, they are not able to perform proximity searching in-house and must incur substantial costs to have an outside vendor perform this task. However, requiring Defendants to perform, or to have performed, searches using proximity limitations is in no way unreasonable. Indeed, given both sides' references to the high stakes nature of this litigation and their scorched earth approach to discovery, proximity searching is not only reasonable but essential.

Notwithstanding the Court's rejection of the foregoing argument, however, the Court finds Plaintiff's disputed search terms to be overly broad, ambiguous, and without adequate limitations

////

to bring them within the proportional needs of this case, and therefore **Plaintiff's motion is DENIED**.

### 2. Order on Meet and Confer Requirements

Although not the basis of the Court's ruling on Plaintiff's motion to compel, the Court remains concerned about the quality of both parties' meet and confer efforts in this case. The Court notes that the parties' joint statement indicates that they "met and conferred on February 21, 2018 and April 3, 2018" on the issues raised in this motion, which was filed over a month later. Since April 3, 2018, this Court has issued numerous discovery orders, including several on ESI issues, which the Court believes could have informed further negotiations between the parties. **The Court orders a reset**. Each side is to identify for the Court by **5 p.m. on May 10, 2018**, the member of their team responsible for leading the meet and confer efforts with the other side. The meet and confer leader must personally participate in all meet and confer efforts with full authority to negotiate and adjust discovery demands or responses, join any hearings on discovery matters and, regardless of whether there is a hearing, be available to respond to any further inquiries of the Court.

**SO ORDERED.**

Dated: May 9, 2018

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge