UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF (SVK) <br><br> **ORDER ON DEFENDANTS' MOTION TO COMPEL ESI FROM PLAINTIFF** <br> Re: Dkt. No. 356 |

Before the Court is the parties' Joint Statement Regarding Motion for Determination of Discovery Dispute re Defendants' Motion to Compel ESI from Plaintiff. ESI 356. On April 27, 2018, Defendants first requested that Plaintiff run search terms across the emails of Jeff Wilcox, one of Plaintiff's principals, and produce documents by May 4, 2018. *Id.* at 1. Plaintiff argues that Defendants' request for ESI from Mr. Wilcox was untimely because it was not made until 2:27 p.m. on April 27, 2018, the day that fact discovery in this case closed (with the exception of depositions and third party deposition discovery). *Id.* at 3-5; *see also* ECF 268. Defendants argue they learned of "highly significant" emails involving Mr. Wilcox from Plaintiff's April 9 production, the request for Mr. Wilcox's ESI was made within the fact discovery period, and Plaintiff is still producing ESI. ECF 356 at 1-3.

Although there is some ongoing ESI activity in this case as a result of agreements between the parties and this Court's recent discovery orders, the Court finds that Defendants' request for Mr. Wilcox's ESI is untimely. The discovery cut-off is the deadline for discovery to be *completed*, not the deadline for discovery requests to be served. *See* Civil L.R. 37-3 ("Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a 'discovery cut-off' is the date by which all responses to written discovery are due and by which all depositions must be concluded" and "[d]iscovery requests that call for responses or depositions after the applicable

discovery cut-off are not enforceable, except by order of the Court for good cause shown.").

Defendants' request for Mr. Wilcox's ESI was made the afternoon the relevant phase of discovery closed and thus was untimely because it could not be completed by the discovery cut-off. Nor is there good cause to permit Defendants' late request. Plaintiff points out that Defendants have been aware of Mr. Wilcox since at least February 12, 2017, when Plaintiff submitted a declaration from Mr. Wilcox in this case. ECF 205. Defendants admit that they have been aware of the alleged significance of Mr. Wilcox since Plaintiff's April 9 document production. ECF 356 at 1. Yet Defendants waited until hours before discovery ended on April 27 to request ESI from Mr. Wilcox. Defendants have also been aware of brewing ESI disagreements in this case since at least the end of February (*see* ECF 279 at 1 (Defendants' statement summarizing history of ESI dispute)), but nevertheless agreed to maintain the April 27 cutoff for party document productions when, on April 5, the parties filed a stipulated request that Judge Freeman extend other discovery deadlines in the case. *See* ECF 266. Moreover, Defendants have not demonstrated that the ESI discovery they seek from Mr. Wilcox is proportional to the needs of the case, particularly in light of the amount of ESI already produced by both parties.

Accordingly, Defendants' motion to compel Plaintiff to produce ESI from Mr. Wilcox is DENIED.

Defendants also purport to "reserve the right to address concerns (if any) relating the Plaintiff's forthcoming ESI production" at an unspecified later date. ECF 356 at 3. The Court cautions the parties that any new motions to compel relating to written discovery and ESI issues must be filed by May 18, 2018. ECF 268 at 3. The Court will not entertain late motions unless the parties request and obtain an order from Judge Freeman modifying the case schedule.

**SO ORDERED.**

Dated: May 14, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge