# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> [Re: ECF 348] |

Plaintiff Newmark Realty Capital, Inc. filed a motion for relief from the nondispositive pretrial order of Magistrate Judge Susan van Keulen ("Order," ECF 317). Mot., ECF 348. Judge van Keulen denied Plaintiff's motion to compel Defendants to produce ESI containing the terms "sex" and "harass" with root expanders. *See* Order. For the reasons stated below, the instant motion is DENIED.

## I. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

The instant motion pertains to Plaintiff's motion to compel discovery. *See* Joint Statement, ECF 314. In the parties' Joint Statement, Plaintiff seeks an order compelling Defendants to review and produce electronically stored information ("ESI") containing the terms "sex" and "harass" with root expanders that cover, for example, "sexy," "sexual," "harassing," "harassment," etc. *Id.* at 1. Judge van Keulen denied the request:

> Having reviewed the Joint Statement Regarding Plaintiff's Motion to Compel Defendants to Review and Produce ESI Containing the Terms "Sex" and "Harass["] with Root Expanders, the Court hereby DENIES Plaintiff's motion.

Order. In the instant motion, Plaintiff argues that this Order was clearly erroneous. Mot. 1.

Judge van Keulen's Order does not explicitly state the underlying basis for denial. However, the Order states that she has reviewed the parties' Joint Statement and accordingly denied Plaintiff's request. *See* Order. As such, it is clear that Judge van Keulen has considered the arguments presented in the parties' Joint Statement and issued the ruling based on her review. The Court therefore will review the Joint Statement to determine whether there is a sufficient basis that supports a denial. If so, the Order is not clearly erroneous.

In the Joint Statement, Plaintiff asserts that the 2017 sexual harassment lawsuit filed against Defendant Newmark & Company Real Estate, Inc. is causing irreparable harm to Plaintiff. Joint Statement 1. According to Plaintiff, Defendant BGC Partners, Inc. was recently sued again for workplace harassment and Defendants still employ two individuals who were previously accused of sexual harassment in 2010 and 2013 lawsuits. *Id.* Plaintiff believes that Defendants' ESI contains probative evidence that shows that Defendants have a "pattern" of egregious workplace harassment and that they will be sued again repeatedly. *Id.* at 1–2. On this basis, Plaintiff claims that its reputation will be harmed each time Defendants are sued for sexual harassment. *Id.* Plaintiff further provides a chart showing that the hit counts for the words "sex" and "harass" with root expanders in Defendants' ESI amount to approximately 29,300 hits. *See id.* at 2–3. Plaintiff contends that producing such ESI would be responsive to "at least Plaintiff's Request for Production Nos. 125, 126, 127, and 128." *Id.* at 3. Plaintiff presents the same arguments in the instant motion. *See* Mot. 1–4.

Defendants respond that "(1) the search terms are overbroad, burdensome, and exceedingly disproportionate to the needs of the case; and (2) even if the ESI terms sought some documents of marginal relevance, the documents that Plaintiff claims are relevant were *not* the subject of its 176 document requests." Joint Statement 3 (emphasis in original). As to their first point, Defendants argue that Plaintiff seeks to force Defendants to review an additional 30,000 documents[1]—on top of the tens of thousands documents already reviewed—by using search terms that are overbroad. *Id.* at 4. Defendants assert that the search results contain an enormous volume of documents that have no relevance. *Id.* For example, according to Defendants, the search terms would capture any "email with the word 'sex,' including provisions in leases that prohibit use of a property by vice establishments or correspondence that includes equal employment opportunity language." *Id.* By comparison, Defendants point out that Judge van Keulen found that their ESI search terms such as "other w/3 Newmark" and "name and confus!" that were designed to capture actual name confusion were overbroad and not proportional to the needs of this case. *Id.*; *see* ECF 307 at 3, 4.

Defendants further assert that the search terms at issue are irrelevant because the 2017 sexual harassment lawsuit caused no harm to Plaintiff. In Defendants' view, Plaintiff admitted that it could not identify "a single person who approached Plaintiff" about the sexual harassment lawsuit. Joint Statement 4. Rather, Defendants argue, Plaintiff solicited testimony about the lawsuit. *Id.* at 4–5. In addition, Defendants contend that Plaintiff's reliance on other lawsuits than the 2017 sexual harassment lawsuit is misplaced because Plaintiff neither operates in the states (New Jersey, Illinois, and New York) where those other lawsuits were filed nor identities anyone confused by those suits. *Id.* at 5.

Finally, Defendants contend that even if the search terms were somehow relevant and proportional to the needs of this case, Plaintiff is not entitled to receive such documents because it did not request them through discovery. *Id.*

After reviewing the parties' arguments, the Court finds that there is a sufficient basis that supports Judge van Keulen's denial. While the search terms "sex" and "harass" with root

---

[1] Defendants represent that the actual number of documents is higher because the "hits" numbers in Plaintiff's chart equal the "number of families" in the search result. Joint Statement 4 n.3.

expanders may lead to some documents relevant to this case, it is reasonable to conclude that many of the 30,000 or so documents would contain irrelevant information. As Defendants point out, those search terms would capture irrelevant documents that contain "leases that prohibit use of a property by vice establishments or correspondence that includes equal employment opportunity language." Joint Statement 4. Judge van Keulen has found that other similar or perhaps narrower terms ("other w/3 Newmark" and "name and confus!") to be overbroad and not proportional to the needs of this case. *See* ECF 307 at 3, 4. As such, it is also reasonable to find that the words "sex" and "harass" with root expanders are overbroad and not proportional to the needs of this case notwithstanding that those terms may lead to some relevant documents. Thus, the Court is unable to reach a definite and firm conviction that a mistake has been made. *Perry*, 268 F.R.D. at 348; *Grimes*, 951 F.2d at 241 (holding that the district judge may not simply substitute his or her judgment for that of the magistrate judge).

Plaintiff's arguments in the instant motion do not show that the Order contains a clear error. Here, Plaintiff argues that it had issued Request for Production Nos. 125, 126, 127, and 128 that covers the requested ESI contrary to Defendants' contention. *See* Mot. 4. Plaintiff also disputes Defendants' argument that they need not produce the sought ESI because Defendants had objected to the request for productions and the parties never met and conferred. *Id.* These disagreements, however, do not change the Court's above conclusion because there is a sufficient basis to find that the ESI search terms at issue are overbroad and not proportional to the needs of the case.

As a final point, Plaintiff asserts that it has evidence showing that two individuals were confused about the sexual harassment lawsuit. Mot. 5. However, the mere fact that certain search terms may lead to some relevant documents is insufficient to compel discovery. *See* Fed. R. Civ. P. 26(b)(1). As discussed above, it is reasonable to conclude that the terms "sex" and "harass" with root expanders are overbroad and not proportional to the needs of this case.

For the foregoing reasons, the Court concludes that Judge van Keulen's Order denying Plaintiff's motion to compel Defendants to produce ESI containing the terms "sex" and "harass" with root expanders was not clearly erroneous or contrary to law. Therefore, Plaintiff's motion for

4

relief from the nondispositive pretrial order of Judge van Keulen is DENIED.

**IT IS SO ORDERED.**

Dated: May 15, 2018

_____
BETH LABSON FREEMAN
United States District Judge