COOLEY LLP
BOBBY A. GHAJAR (State Bar No. 198719)
bghajar@cooley.com
CHRISTINA S. DAVIS (State Bar No. 271719)
cdavis@cooley.com
LAURA A. LEVINE (State Bar No. 299227)
llevine@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400 / Facsimile: (310) 883-6500

COOLEY LLP
AMANDA A. MAIN (State Bar No. 260814)
amain@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000 / Facsimile: (650) 849-7400

CANTOR FITZGERALD
MICHAEL STEVEN POPOK (appearance *pro hac vice*)
mpopok@cantor.com
NIRAV S. SHAH (appearance *pro hac vice*)
nirav.shah@cantor.com
MIGUEL A. LOPEZ (appearance *pro hac vice*)
miguel.lopez@cantor.com
110 East 59th Street
New York, NY 1002
Telephone: 212-938-5000

Attorneys for Defendants/Counterclaimants
BGC PARTNERS, INC., and
NEWMARK & COMPANY REAL ESTATE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BGC PARTNERS, INC., NEWMARK & COMPANY REAL ESTATE, INC. DBA NEWMARK GRUBB KNIGHT FRANK, and DOES 1 to 10, ,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:16-cv-01702-BLF<br><br>**JOINT STATEMENT FOR DETERMINATION OF DEFENDANTS' DISCOVERY DISPUTE RE: PLAINTIFF'S PRIVILEGE CLAIMS**<br><br>Complaint Filed: April 4, 2016<br>Trial Date: January 14, 2019 |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT STATEMENT FOR DETERMINATION
OF DISCOVERY DISPUTE
5:16-CV-01702-BLF

The parties submit this Joint Statement regarding Plaintiff's Privilege Claims. Fact discovery has closed, and there are 241 days until trial. The parties met and conferred on May 17, 2018.

**Defendants' Statement**: Defendants ask the Court to conduct an *in camera* review of certain documents Plaintiff is withholding based on a claim of privilege. During the parties' meet and confer, Plaintiff refused to provide *any* of the information that Defendants requested days beforehand, undermining the productivity of the call. It also refused to do anything more than say that it would provide a revised log as to "some" privilege entries by today's deadline, without stating what additional information would be provided. For instance, where privilege descriptions failed to identify the attorney who purportedly gave the legal advice, Plaintiff refused to provide this information by phone and refused to state whether its forthcoming log would contain that information. Frustrating this process (and the purpose of a meet and confer), Plaintiff then waited until *after* it received Defendants' portion of this statement to serve a revised privilege log at 8:00 p.m., the night before this statement was due. Such gamesmanship is unprofessional and wasteful, and should not be tolerated.

Plaintiff bears the burden of demonstrating the withheld documents are privileged. *See Genentech, Inc. v. Trs. of Univ. of Penn.*, No. C 10-2037 PSG, 2011 WL 7074211, at *1 (N.D. Cal. Oct. 18, 2011). To obtain *in camera* review of allegedly privileged documents, Defendants need only make a "minimal" showing sufficient to support a reasonable, good-faith belief that reviewing the documents may reveal evidence to establish the documents are not privileged. *In re Grand Jury Investigation,* 974 F.2d 1068, 1073-74 (9th Cir.1992). Defendants satisfy this "minimal" threshold.

**Marketing Memos**: Plaintiff produced three redacted "Marketing Activity Summary" memos prepared by one non-attorney employee (Peter Vestal) for another (Michael Heagerty) regarding Plaintiff's marketing efforts with non-party CME. (Exs. C-E (NR0092289-2300).)[1] These marketing communications are between non-attorneys and contain no express reference to an attorney communication. As such, the documents are not attorney-client communications. Further, nothing on the face of the documents indicates the redacted text is privileged (e.g., no reference to "legal" or an attorney name), and the context actually undermines Plaintiff's privilege assertion. For example,

---

[1] After receiving this motion, Plaintiff added these documents to its log, along with improper argument designed to evade the page limitations imposed by this Court. (*See* Ex. A at p. 14.)

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1.

JOINT STATEMENT FOR DETERMINATION
OF DISCOVERY DISPUTE
5:16-CV-01702-BLF

NRC0092289-91 contains a list of publications by month, setting forth the date of the publication and the title of the article. (Ex. C.) Based on the visible content, it is reasonable to assume Plaintiff redacted similar content. (*See* Ex. C at NRC0092290.) It is difficult to conceive of circumstances in which this information would be protected by the privilege and/or work product doctrine. During the parties' meet and confer, Plaintiff's counsel conceded that the context of the documents did not support its privilege assertions, yet refused to provide any additional information. The Court should review these questionable redactions *in camera*. *See Applied Med. Res. Corp. v. Ethicon, Inc.*, No. SACV 03-1329-JVS, 2005 WL 6567355, at *2 (C.D. Cal. May 23, 2005) ("in the absence of any attorney linked to certain of the documents or a more thorough description of the legal advice involved, Plaintiff has met the minimal threshold required to show that the privilege may not apply").

**Board Minutes**: Plaintiff's questionable redactions are at issue, not the sensitive nature of these documents, which is what Plaintiff focuses on. Defendants requested additional information regarding redacted meeting minutes of Plaintiff's Board, including the name of the attorney whose legal advice and opinion was redacted. Plaintiff failed to provide this information before or during the parties' May 17 call, and then attempted to ambush Defendants at 8:00 p.m. the night before this statement was due with a revised log containing significantly different descriptions. (*Compare* Ex. A with Ex. B, Nos. 32-48.) Defendants seek *in camera* review of a handful of redactions.

| Privilege Log No. | Bates of Challenged Redaction | Reason for Review |
|---|---|---|
| 34 | NRC0091795 NRC0091802 | The minutes establish that no attorney was present and the document contains no reference to "legal" matters or any attorney. Plaintiff's description fails to identify an attorney whose legal advice was sought and no attorney is referenced in the minutes. These redactions were initially described as regarding "company business" and the face of the document shows they relate to financial and "staffing" matters. (*See* Ex. F.) |
| 35 | NRC0091824-26 | No attorney was present and the document contains no reference to "legal" matters or any attorney. These redactions were initially described as regarding "company business," which was revised to "personnel matters." Yet the face of the document shows that they relate to the "Next Principal's meeting" and appear sweepingly overbroad. (*See* Ex. G.) |
| 43 | NRC0092003 | No attorney was present and the document contains no reference to "legal" matters or any attorney. These redactions were initially described as regarding "company business" but are now described as relating to Plaintiff's "trademark." Importantly, the face of the document shows that these notes *relate to a "[g]uest presentation"* |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.

JOINT STATEMENT FOR DETERMINATION
OF DISCOVERY DISPUTE
5:16-CV-01702-BLF

| Privilege Log No. | Bates of Challenged Redaction | Reason for Review |
|---|---|---|
| | | *made by third-party* Looking Design and thus is not an attorney-client communication. This "[b]randing initiative update" is highly relevant and not privileged. Plaintiff also claims work product but does not refer to any dispute or a reasonable anticipation of litigation in October 2013 – three years before this lawsuit was filed. Based on visible content, the redacted text likely relates to Plaintiff's "competitors," including Defendants, which is why Plaintiff is attempting to hide such information under the cloak of privilege. (*See* Ex. H.) |
| 44 | NRC0092023 | No attorney was present at the meeting and the document contains no reference to an attorney. This redaction was initially described on May 1 as regarding "company business" and then revised on May 17 as relating to Plaintiff's trademark. (*See* Ex. I.) |
| 47 | NRC0092059  NRC0092064 | No attorney was present and the document contains no reference to "legal" matters or any attorney. Plaintiff redacted the text of a board resolution and content relating to "Company Objectives." The redacted information may be highly relevant to this dispute given that it supposedly relates to Plaintiff's "trademark rights." (*See* Ex. J.) |
| 48 | NRC0092070  NRC0092075-77 | No attorney was present and the document contains no reference to "legal" matters or any attorney. Plaintiff redacted the text of two board resolutions (NRC0092070) and several sections of its "Company Objectives" (NRC0092075-77). The redacted information is likely highly relevant to this dispute given that it supposedly relates to Plaintiff's "trademark rights." (*See* Ex. K.) |

**Plaintiff's Statement**

Defendants' motion rests on a single theme—that Plaintiff's privilege descriptions are purportedly inadequate. But this is readily proven false from a review of Plaintiff's privilege log. (Ex. 1, May 17, 2018 log.) Yet Defendants frivolously move the Court to expend its valuable and limited time on needless *in camera* review. Such *in camera* review would only validate Plaintiff's privilege assertions and waste judicial resources. Defendants' motion should be denied.[2]

*Board Minutes*. Plaintiff's Board Minutes reflect and document highly confidential and private meetings of Plaintiff's Board, *i.e.*, the decisionmakers of the firm. These documents are

---

[2] Defendants' attempt to denigrate Plaintiff's submission of a privilege log on Thursday evening as "gamesmanship" should be ignored. Plaintiff served a supplemental privilege log in the hopes that Defendants would refrain from burdening the Court with motion practice, even though Plaintiff's original privilege log was sufficient and proper. Hypocritically, in response to Plaintiff's separate motion to compel documents (RFP Nos. 39, 41, 43 83, 120, 121 and 134), Defendants represented to this Court they will produce 200 documents *today*, to obviate Plaintiff's motion (Dkt. 372, p. 3). As of the preparation of this footnote at 5:40 p.m., Plaintiff has still not received these 200 documents. Unlike Plaintiff's supplemental privilege log, Plaintiff did not even have a reasonable opportunity to review these 200 documents before the deadline for Plaintiff to file its motion to compel at Dkt. 372.

some of Plaintiff's *most* sensitive, proprietary, and trade secret material (and has been designated with the highest level of confidentiality protection available under the Protective Order).  Virtually all aspects of Plaintiff's business are reflected and documented in these Board Minutes.  Plaintiff produced its Board Minutes going back decades (hundreds of pages of documents), pursuant to discovery requests.  Plaintiff did so despite its extreme and profound concerns about producing the Board Minutes to Defendants, who are now direct competitors and engaging in infringing, anticompetitive conduct against Plaintiff.

For Plaintiff to now assert basic, fundamental protections over a limited set of privileged material (estimated at less than 1% of the Board Minutes) is proper, and should be upheld. Discussions of legal issues are naturally reflected in these Board Minutes, because legal issues are part of running a business.  These discussions would cover, for example, legal advice sought or received from various attorneys and law firms on pending or threatened litigation; personnel or employment issues; real estate transactions; etc.  These discussions are privileged.  Plaintiff's privilege descriptions are more than adequate to establish the privileged nature of these redactions. For example, Plaintiff's description for one redaction is:  "Redacted confidential meeting minutes regarding legal advice and opinion provided by attorney Douglas Carden on arbitration dispute." (Ex. 1., May 17, 2018 log, pg. 6, No. 32.)  Plaintiff's description for the next redaction is "Redacted confidential meeting minutes reflecting intent to seek legal advice from Foley & Lardner LLP regarding a fee collection dispute."  (*Id.*, No. 33.)  No more is necessary.  *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel . . . obviously reveal privileged communications" and "internal communications that reflect matters about which the client intends to seek legal advice are protected"); *Deel v. Bank of Am., N.A.*, 227 F.R.D. 456, 460 (W.D. Va. 2005) ("corporate communications which are shared with those having need to know of the communications are confidential for purposes of the attorney-client privilege").[3]

---

[3] Defendants' motion is frivolous. They burden the Court with this motion by challenging the adequacy of Plaintiff's privilege descriptions. Yet their own log contains numerous entries for emails between business people (no lawyers copied) with general privilege descriptions such as "Giving legal advice re: draft agreement."  In other words, Defendants are burdening the Court with a hypocritical motion that describes their own conduct.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4.

JOINT STATEMENT FOR DETERMINATION
OF DISCOVERY DISPUTE
5:16-CV-01702-BLF

*Marketing Activity Summaries.* The redacted material from these documents is privileged, but notably, Plaintiff was never even required to log the privileged redactions to begin with. The parties' Joint Rule 26(f) Report, Dkt. 30, expressly provides, "For purposes of any privilege log(s) prepared by either party, the parties agree that privileged communications involving counsel of record in this action and <u>privileged communications occurring after the filing date of this action do not need to be identified on a privilege log</u>."[4] (Emphasis added.) Nonetheless, during the meet and confer process, Plaintiff agreed to provide privilege descriptions in order to avoid burdening the Court with motion practice. (Ex. 1, May 17, 2018 log.) Plaintiff has been forced to engage in corrective advertising and marketing because of Defendants' infringement. It is thus inevitable and should be unsurprising that legal issues relating to this litigation and related legal advice are reflected in these marketing activity summaries. As Defendants acknowledge, these marketing activity summaries are prepared for Michael Heagerty, the Chief Financial Officer and a Principal of Plaintiff, and a member of Plaintiff's Board. Mr. Heagerty is also directly involved in the management of this litigation and coordinating with Plaintiff's counsel, the Sheppard Mullin law firm. Defendants' complaints, that the "context" of the marketing activity summaries show the redactions are not privileged, are simply unfounded.

Plaintiff has done more than enough to establish the privileged nature of all the documents and redactions above. Defendants' central basis for bringing this motion, that Plaintiff's privilege descriptions are purportedly inadequate, is defied by a review of Plaintiff's privilege log. The Court's Standing Order requires the privilege description to state the "specific basis for the claim that it is privileged." (Standing Order, van Keulen, J.) This Plaintiff has clearly done. (Ex. 1.)

That Defendants filed this motion—to demand that the Court expend valuable time to conduct an *in camera* review of these privileged documents and redactions—is uncalled for, unreasonable, and disrespectful of the Court's time. Plaintiff did everything it could and provided as much information as possible (without actually divulging the privileged information) to prevent Defendants from filing this frivolous motion. Defendants' motion should be denied.

---

[4] It is undisputed that Defendants have availed themselves of and benefited from this rule—they have not logged a single document or communication postdating the Complaint, even though such communications undoubtedly exist.

Dated: May 18, 2018          COOLEY LLP

                             */s/ Amanda A. Main*
                             Bobby Ghajar
                             Amanda A. Main
                             Christina S. Davis
                             Laura A. Levine

                             CANTOR FITZGERALD
                             Michael S. Popok
                             Nirav S. Shah
                             Miguel A. Lopez

                             Attorneys for Defendants/Counterclaimants
                             BGC PARTNERS, INC., and
                             NEWMARK & COMPANY REAL ESTATE, INC.

Dated: May 18, 2018          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                             */s/ Laura L. Chapman*
                             LAURA L. CHAPMAN

                             Attorneys for Plaintiff Newmark Realty Capital, Inc.

## FILER'S ATTESTATION

Pursuant to Civil L. R. 5-1(i)(3) regarding signatures, I, Amanda A. Main, attest that concurrence in the filing of the documents has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of May 2018, at San Jose, California.

                             By:   */s/ Amanda A. Main*
                                   Amanda A. Main

177014888

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

6.

JOINT STATEMENT FOR DETERMINATION
OF DISCOVERY DISPUTE
5:16-CV-01702-BLF