**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> [Re: ECF 363] |

Defendants BGC Partners, Inc. and Newmark & Co. Real Estate, Inc. filed a motion for relief from the nondispositive pretrial order of Magistrate Judge Susan van Keulen ("Order," ECF 330). Mot., ECF 363. Judge van Keulen denied Defendants' motion to compel production of ESI regarding "Grubb" and "Cornish." Defendants seek such information because they believe that Plaintiff Newmark Realty Capital, Inc.'s communication regarding Grubb & Ellis and Cornish & Carey[1] will show that Plaintiff has been aware of Defendants' mortgage services and that the information will support Defendants' laches defense. *See id.* at 1–2. For the reasons stated below, the instant motion is DENIED.

**I.  LEGAL STANDARD**

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a

---

[1] Defendants represent that Grubb & Ellis and Cornish & Carey provided "full-service commercial real estate services, including mortgage services." Mot. 1. Defendants acquired Grubb & Ellis in 2012. *Id.* at 2. Defendants affiliated with Cornish & Carey in 2010 and later acquired that company. *Id.*

nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. DISCUSSION

The instant motion pertains to Defendants' motion to compel production of electronically stored information ("ESI"). *See* April 16, 2018 Joint Statement, ECF 279; April 30, 2018 Joint Statement, ECF 320. On April 16, 2018, the parties filed a joint statement regarding Defendants' request to compel Plaintiff to produce ESI based on numerous search terms, including "Grubb" and "Cornish." April 16, 2018 Joint Statement. Judge van Keulen heard oral argument on April 23, 2018. *See* Hearing Tr., ECF 306. After the hearing, Judge van Keulen issued a ruling regarding the numerous search terms. April 25, 2018 Order, ECF 307. In particular, Judge van Keulen ordered the parties to "meet and confer on modifiers to narrow [the "Grubb" and "Cornish"] search term[s], e.g., date range and/or type of service provided by [those] affiliate[s] of Defendants." *Id.* at 3–4. If any dispute remained, the parties were required to "file a joint discovery letter brief" by April 30, 2018. *Id.* at 5. On April 30, 2018, the parties filed a second joint statement on the remaining disputed search terms. April 30, 2018 Joint Statement. On May 2, 2018, Judge van Keulen issued the Order denying Defendants' request to compel production of ESI based on the remaining disputed terms including "Grubb" and "Cornish." *See* Order. Specifically, the Order states that:

> The Court does not find Defendants' arguments that Plaintiff's internal emails merely referring to companies that Defendants either acquired or affiliated with in the years prior to such relationships compelling. Further, given the inability to narrow these searches in any meaningful way and the resultant hit counts, the Court does not find these ESI requests proportional to the needs of the case.

*Id.* As a result, Defendants' request to compel production of ESI based on the search terms "Grubb" and "Cornish" was denied. In the instant motion, Defendants argue that the Order's denial as to "Grubb" and "Cornish" was clearly erroneous for three reasons. Mot. 1–2. After

2

reviewing the instant motion, the parties' joint statements, and arguments presented during the April 23, 2018 hearing, the Court finds that Defendants' three reasons are unpersuasive and that the Order was not clearly erroneous. The Court addresses Defendants' three reasons below.

First, Defendants argue that the Order "penalized Defendants for their 'inability to narrow these searches in any meaningful way' when Defendants had been trying to do just that but were stonewalled by Plaintiff." Mot. 2. On the day the Court issued the April 25, 2018 Order, Defendants contacted Plaintiff with proposed narrowing of the search terms using "date limitations" for "Grubb" and "Cornish" and requested hit counts. *Id.*; Ex. A to Davis Decl., ECF 363-2. Defendants narrowed the search time frame to be "from 2010 to the present" for "Grubb" and "from 2008 to present" for "Cornish." April 30, 2018 Joint Statement 2. On April 27, 2018, Plaintiff responded by stating that the "narrowing" was "facially insufficient" because Defendants were "only narrowing by date," and requested "terms that [were] further narrowed." Ex. C to Davis Decl., ECF 363-2. Defendants then called Plaintiff and sent an email stating that the April 25, 2018 Order "directed the parties to meet and confer on modifiers to narrow the terms by date range *or* type of service." Ex. D to Davis Decl., ECF 363-2 (emphasis in original). On April 30, 2018, Plaintiff provided the hit counts for "Grubb" and "Cornish," which were 10,369 and 8,116, respectively. Davis Decl. ¶ 7, ECF 363-1. These hit counts show a reduction of 694 and 114 counts, respectively, compared to the search result without applying the "date limitations." *See* April 30, 2018 Joint Statement 5. According to Defendants, they were "forced to file the [April 30, 2018 Joint Statement] without any more hit count information, which preserved the appearance of hit counts that were not significantly reduced." Mot. 3. In this regard, Defendants argue that the Order penalized Defendants for their "inability to narrow [the] search terms in any meaningful way." *Id.* at 2.

The Court does not find that the Order penalized Defendants. For "Grubb," Defendants narrowed the time frame to be "from 2010 to the present." For "Cornish," Defendants asked Plaintiff to search "from 2008 to present." Despite this narrowing of the date range, the hit counts were reduced by only 694 and 114 counts, respectively. The reduced hit counts were 10,369 (Grubb) and 8,116 (Cornish). Davis Decl. ¶ 7. Those numbers are not meaningfully different

3

from the hit counts 11,063 (Grubb) and 8,230 (Cornish) that were found to be too broad and which caused Judge van Keulen to order the parties to narrow the search in the first place. *See* April 25, 2018 Order 3–4. Given the small reduction in counts, Judge van Keulen reasonably determined that Defendants had not satisfied their obligation to reduce the scope of the requested ESI.

The Court recognizes that Defendants may not have decided how to narrow the search terms when they filed the April 30, 2018 Joint Statement because they received the hit counts on that day. However, Defendants indicated to Judge van Keulen that they did not believe that the search terms should be further narrowed for their purpose. *See* April 30, 2018 Joint Statement 2. Defendants now cannot change their position. To the extent that Defendants argue that the search for "Grubb" and "Cornish" could be narrowed using modifiers such as mortgag! or debt or financ!, this argument was not properly raised before Judge van Keulen. This Court ordinarily should not address arguments raised for the first time in a motion for relief from a magistrate judge's order. *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (rejecting the position that "the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"). Therefore, Defendants' argument that they could have proposed additional modifiers cannot serve a basis for overturning Judge van Keulen's finding.

Second, Defendants argue that "Grubb" and "Cornish" have "undisputed relevance" and "the hit counts are proportional to the needs of this case." Mot. 2. According to Defendants, ESI relating to Grubb & Ellis' services before and after Grubb & Ellis was acquired by Defendants in 2012 is relevant to Plaintiff's knowledge of Defendants' "full-services." *Id.* at 4. Defendants further contend that ESI relating to Plaintiff's knowledge of the 2010 alliance between Cornish & Carey and Defendants is relevant to their laches defense. *Id.* On this basis, Defendants assert that the hit counts of 10,369 and 8,116 are proportional to the needs of the case. *Id.* at 4–5.

Here, Defendants dispute Judge van Keulen's finding that "Defendants' arguments that Plaintiff's internal emails merely referring to companies that Defendants either acquired or affiliated with in the years prior to such relationships" are not compelling and that the ESI requests

4

are not proportional to the needs of the case given the resulting hit counts (Order). As explained below, the Court disagrees with Defendants' arguments.

As Plaintiff argued during the April 23, 2018 hearing, the mere mention of "Grubb" or "Cornish" in a document does not mean that the information is relevant or has a strong relevance. *See* Hearing Tr. 30:8–31:19. Here, information that relates to the *mortgage service businesses* of Grubb & Ellis or Cornish & Carey (as opposed to the mere reference of Grubb and Cornish) is relevant to the issues present in this case. However, as discussed above, Defendants did not represent to Judge van Keulen that they intended to use the search terms "Grubb" and "Cornish" as modified by mortgage-related terms. As a result, the proposed search terms could reasonably lead to largely irrelevant documents despite the fact that they may have contained the words "Grubb" or "Cornish." Thus, Judge van Keulen reasonably found that the search terms that only referred to Grubb & Ellis and Cornish & Carey were not compelling enough to warrant production in light of the high number of hit counts. For this reason, the Court is unable to reach a definite and firm conviction that a mistake has been made. *Perry*, 268 F.R.D. at 348; *Grimes*, 951 F.2d at 241 (holding that the district judge may not simply substitute his or her judgment for that of the magistrate judge).

Third, Defendants assert that Judge van Keulen should have given Defendants an "opportunity to further narrow the terms and receive updated hit counts from Plaintiff" for Grubb & Ellis and Cornish & Carey given the terms' relevance and Plaintiff's lack of cooperation in narrowing the hit counts. Mot. 2, 5. This assertion is premised on Defendants' belief that the Order penalized Defendants for the parties' lack of meet and confer. *See id.* at 5. However, the Court does not find that the Order penalized Defendants. As explained above, Judge van Keulen properly concluded that the search was not meaningfully narrowed as shown by the minor reduction in hit counts.

Defendants also contend that Judge van Keulen's Order implicitly recognizes the "relevance of emails relating to Grubb and Cornish at least as to the time the relationships with Defendants began (post-acquisition)." Mot. 5. On this basis, Defendants argue that the Order should have "at least narrowed [the] search terms to dates of the affiliation agreement or

5

acquisition (i.e., 2010 for Cornish and 2012 for Grubb)." *Id.* The Court disagrees. Judge van Keulen had no information on the hit counts for search results based on those "dates of affiliation agreement or acquisition" and thus she did not need to determine whether permitting production of ESI based on those dates were warranted. Moreover, Defendants did not request such an alternative production. The Court does not have an obligation to provide an alternative which a party has not requested. In addition, Judge van Keulen has broad discretion on ruling discovery disputes. *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, No. 06CV1584, 2008 WL 753956, at *1 (S.D. Cal. Mar. 18, 2008). It is not the undersigned judge's role to substitute Judge van Keulen's judgment on what is appropriate in resolving the parties' discovery issues. *Grimes*, 951 F.2d at 241 ("The reviewing court may not simply substitute its judgment for that of the deciding court.").

For the foregoing reasons, the Court concludes that Judge van Keulen' Order denying Defendants' motion to compel production of ESI regarding "Grubb" and "Cornish" was not clearly erroneous or contrary to law. Therefore, Defendants' motion for relief from the nondispositive pretrial order of Judge van Keulen is DENIED.

**IT IS SO ORDERED.**

Dated: May 24, 2018

_____
BETH LABSON FREEMAN
United States District Judge