United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BGC PARTNERS, INC., et al., <br><br> Defendants. | Case No. 16-cv-01702-BLF (SVK) <br><br> **ORDER ON JOINT STATEMENT FOR DETERMINATION OF DEFENDANTS' DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE CLAIMS** <br><br> Re: Dkt. No. 375 |

Before the Court is the parties' Joint Statement for Determination of Defendants' Discovery Dispute re Plaintiff's Privilege Claims. ECF 375. Defendants request that the Court conduct an *in camera* review of certain redactions within nine documents produced by Plaintiff: three marketing activity summaries and six sets of minutes of meetings of Plaintiff's board of directors. Plaintiff claims that the redacted information is protected by attorney-client privilege and that some of the documents are also subject to work product protection. *See* ECF 374-1 at Ex. A,[1] entries 34, 35, 43, 44, 47, 48, 49, 50, and 51. Plaintiff opposes the request for *in camera* review of these documents.

**LEGAL STANDARD**

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). In the Ninth Circuit, the elements of the privilege are:

---

[1] All references in this Order to "Ex." are to the exhibits to ECF 374-1.

> (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at [the client's] instance permanently protected (7) from disclosure by [the client] or by the legal adviser, (8) unless the protection be waived.

*United States v. Reuhle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Corporation (In re Grand Jury Investigation)*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)).

The attorney work product doctrine is a qualified immunity that protects from discovery documents and tangible things that are prepared in anticipation of litigation or for trial by or for a party or its representatives. Fed. R. Civ. P. 26(b)(3); *see also Admiral Ins. Co. v. District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989).

When a party asserts that information may be withheld from discovery on grounds of privilege or work product protection, it must "expressly make the claim" and "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In essence, the party asserting the privilege or protection must make a *prima facie* showing that the information the party intends to withhold is protected. *In re Grand Jury Investigation*, 974 F.2d at 1071. A privilege log that complies with these requirements is one accepted method for making the necessary showing. *Id*.

To obtain *in camera* review of documents for which a party claims privilege or work product protection, the party opposing the privilege must make a factual showing sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged. *Id.* at 1074-75 (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)). Mere "unfounded suspicion" is insufficient to justify *in camera* review. *Rock River Comms., Inc. v. Universal Music Group, Inc.*, 730 F.3d 1060, 1069 (9th Cir. 2013).

If the party opposing the privilege makes the necessary showing, the decision whether to conduct an *in camera* review rests within the discretion of the district court. *In re Grand Jury Investigation*, 974 F.2d at 1075.

**DISCUSSION**

Plaintiff redacted limited portions of the documents that are the subject of Defendants' motion. For each redacted document, Plaintiff prepared a privilege log expressly claiming attorney-client privilege and/or work product protection and containing other information concerning the basis for its privilege and work product claims. In an effort to avoid motion practice, Plaintiff also included in its privilege log the marketing memos, which were from a time frame for which the parties agreed no privilege log was necessary. *See* ECF 30 at ¶ VII.B(D) (stating parties' agreement not to log privileged communications occurring after the filing date of this action).

**Marketing activity summaries:** With respect to the three marketing activity summaries (Exs. C, D, and E), Plaintiff has satisfied the threshold requirements for asserting attorney-client privilege and work product protection. Plaintiff asserts that the redactions in the three marketing memos, which are identified in entries 49, 50, and 51 in Plaintiff's May 27, 2018 privilege log, contain privileged and work product information communicated to one of Plaintiff's employees reflecting strategy and legal advice from Plaintiff's attorneys on various topics identified in the log. Plaintiff explained in the joint statement that Defendants' alleged infringement has forced Plaintiff to engage in corrective advertising and marketing and argue that it is therefore unsurprising that legal issues relating to the litigation and related legal advice are reflected in the marketing activity summaries, which were prepared for one of Plaintiff's board members who is involved in managing this litigation and coordinating with Plaintiff's counsel.

However, Defendants argue, and Plaintiff does not dispute, that the marketing activity summaries were prepared by one non-attorney employee of Plaintiff for another non-attorney employee. No attorneys appear as authors or recipients of these documents. Moreover, the redactions appear in portions of the documents that do not, on their face, relate to legal issues. For example, redactions appear in lists of published articles (*see* Ex. C and D) and in lists of Plaintiff's social media and other public activities (*see* Ex. E).

The Court acknowledges the possibility that the redactions contain attorney-client privileged communications or work product, but on balance Defendants have established

reasonable, good faith doubts about the propriety of the redactions. In particular, the locations of the redactions in the documents do not appear to be a natural location where privileged or work product materials would be included. Accordingly, in light of Defendants' specific factual showing and the limited number of documents at issue, the Court exercises its discretion to order an *in camera* review of the unredacted documents identified in entries 49, 50, and 51 to Exhibit A to ECF 374-1, *i.e.,* Exs. C, D, and E.

**Board minutes:** With respect to the board meeting minutes (Exs. F, G, H, I, J, and K), Plaintiff also satisfied the threshold requirements for asserting attorney-client privilege and work product protection by serving a privilege log that asserts that the redactions in these documents (identified as entries 34, 35, 43, 44, 47, and 48 in Plaintiff's May 17, 2018 privilege log) are protected by the attorney-client privilege and, in some cases, attorney work product protection because they reflect legal advice and discussions of whether to seek legal advice on various topics. In the joint statement, Plaintiff also states that legal issues are a part of running a business and thus board minutes naturally reflect discussions of legal issues.

Defendants point out that the board minutes indicate that no attorneys were present at the meetings, the minutes do not refer to particular legal matters or attorneys, and Plaintiff's descriptions of the topics of the redactions changed when Plaintiff revised its privilege log.

The Court finds it plausible that privileged and work product information may have been discussed at Plaintiff's board meetings. The Court further emphasizes that the redactions appear to be very selective as they are very limited in scope. Also, unlike the marketing activity summaries, the redactions in the board minutes are in locations within the minutes that logically could be expected to include attorney-client privileged or work product information.

Accordingly, the Court finds that Defendants have failed to raise reasonable, good faith doubts about the propriety of Plaintiff's redactions to the board minutes, and in any event the Court exercises its discretion to decline to conduct an *in camera* review of the unredacted documents identified in entries 34, 35, 43, 44, 47, and 48 to Exhibit A to ECF 374-1, *i.e.,* Exs. F, G, H, I, J, and K.

////

## CONCLUSION

For the reasons set forth above, the Court will conduct an in camera review of the unredacted documents identified in entries 49, 50, and 51 to Exhibit A to ECF 374-1, *i.e.,* Exs. C, D, and E. Plaintiff is ordered to submit (not file) unredacted copies of those documents to the undersigned's chambers for *in camera* review by May 29, 2018.

**SO ORDERED.**

Dated: May 24, 2018

SUSAN VAN KEULEN
United States Magistrate Judge