UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF (SVK) <br><br> **ORDER ON ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> Re: Dkt. No. 374 |

Before the Court is Defendants' Administrative Motion to File Documents Under Seal (ECF 374) ("Motion") and the Declaration of Lai Yip submitted by Plaintiff in support of the Motion (ECF 386). The Motion concerns certain documents provided by Plaintiff during discovery and submitted to the Court in connection with the parties' Joint Statement for Determination of Defendants' Discovery Dispute re Plaintiff's Privilege Claims (ECF 375).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower

"good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information sought to be sealed was submitted to the Court in connection with a discovery dispute, rather than a motion that concerns the merits of the case. Having considered the Motion, the Declaration of Lai Yip in support thereof, and the pleadings on file, and good cause appearing, the Motion is hereby **GRANTED.**

**IT IS HEREBY ORDERED** that the following materials should be sealed and that counsel for Defendants may file the following materials under seal:

| Exhibit | Text to be Sealed | Basis for Sealing Portion of Document(s) |
| --- | --- | --- |
| **Exhibit A**: Plaintiff's first supplemental privilege log served on May 17, 2018 | Exhibit A in its entirety | The information contains descriptions of information redacted from Plaintiff's confidential documents, including Plaintiff's confidential and competitively sensitive board minutes and marketing strategy documents. |
| **Exhibit B**: Plaintiff's original privilege log served on May 1, 2018 | Exhibit B in its entirety | The information contains descriptions of information redacted from Plaintiff's confidential documents, including Plaintiff's confidential and competitively sensitive board minutes and marketing strategy documents. |
| **Exhibits C through E**: Marketing activity summaries dated March 10, 2017, October 19, 2017, and March 7, 2018 | Exhibits C through E in their entirety | The information contains Plaintiff's confidential and competitively sensitive marketing strategy since December 2016. |

////
////
////
////
////
////
////

2

| **Exhibits F through K:** The Minutes of the Sixth, Seventh, Twentieth, Twenty-first, Twenty-fifth, and Twenty-sixth meetings since expansion of the Board of Directors of Newmark Realty Capital, Inc. (collectively, "Board Minutes"). | Exhibits F through K in their entirety | The information constitutes Plaintiff's confidential and competitively sensitive board minutes. |
|---|---|---|

**SO ORDERED.**

Dated: May 24, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge