1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEWMARK REALTY CAPITAL, INC.,

Plaintiff,

v.

BGC PARTNERS, INC., et al.,

Defendants.

Case No. 16-cv-01702-BLF   (SVK)

**ORDER ON MOTIONS TO COMPEL
AND SETTING HEARING TO
ADDRESS THE COURT'S QUESTIONS**

Docket Nos. 361, 368, 370, 372, 376, 379,
and 382

On or near the deadline for the parties to file motions to compel party non-deposition fact

discovery, the parties filed a number of discovery motions. *See* ECF 361, 368, 370, 372, 376, 379,

and 382.[1]  The Court has reviewed the parties' submissions and the relevant discovery requests

and sets forth rulings below as to several of the disputes.  As to other disputes, the Court has

requested additional information from the parties and sets a hearing to address these issues on May

29, 2018 at 1:30 p.m., with each party's lead meet and confer counsel.  The Court may require the

parties to engage in additional meet and confer discussions during and after the hearing; counsel

must ensure their availability accordingly.

**I.      ESI ISSUES**

The Court first addresses Defendants' argument, which Defendants reiterate in connection

with several of Plaintiff's pending motions to compel, concerning their obligations under the ESI

order.  Defendants appear to take the position that any documents in ESI format that are

---

[1] The other discovery-related motions recently filed by the parties – Defendants' Discovery
Dispute re Plaintiff's Privilege Claims (ECF 375) and the associated Administrative Motion to
Seal (ECF 374), and Plaintiff's Request for Withdrawal of the Court Order at ECF 367 (ECF 384)
– will be addressed in separate orders.

1   responsive to requests for production need only be produced if they hit on Plaintiff's ESI search

2   terms and custodians. *See, e.g.,* ECF 372 at 5 (Defendants' argument with respect to Plaintiff's

3   RFP No. 134 that "[t]he vast majority of responsive documents would be in ESI format and

4   governed by the ESI Order" and "Plaintiff cannot seek ESI documents outside the ESI Order—*i.e.,*

5   if Plaintiff wanted ESI relating to these financing transactions, Plaintiff was required to propose

6   search terms for custodians aimed at capturing relevant ESI").

7       However, the search term and custodian limitations in the ESI order apply only to email,

8   not to other forms of ESI. Paragraph 30 of the ESI order states that "[t]he parties agree to search

9   central repositories or relevant portions thereof to the extent that either party reasonably

10  anticipates that such locations may contain non-duplicative Responsive Documents," unless the

11  parties agree otherwise. ECF 168 at ¶ 30. Only Section VI, entitled "Email Production," contains

12  specific limitations on the number of custodians or search terms, and those limitations apply only

13  to "email production requests." *Id.* at ¶¶ 33, 34.

14      At the hearing, both parties must be prepared to address whether in discovery they have

15  produced *all* non-email documents in ESI format that are responsive to RFPs, or *only* documents

16  in ESI format that hit on the requesting party's designated search terms and custodians. The Court

17  will reserve a ruling on this issue until the hearing; any statement in this Order indicating that the

18  scope of what a party has produced in response to an RFP is sufficient is subject to the Court's

19  future ESI ruling and is not intended as a ruling on whether additional ESI searches will be

20  required.

21  **II.   PLAINTIFF'S MOTIONS TO COMPEL**

22

23          **a.  ECF 368: Plaintiff's Motion to Compel Defendant's Responses to RFP Nos.
               167 and 168**

24      Plaintiff moves to compel further responses to RFP Nos. 167 and 168, which seek

25  communications between Defendants and various media outlets. ECF 368. Defendants'

26  responses to these RFPs consist of objections.

27      Plaintiffs argue that the information sought is relevant because it may show instructions or

28  payments by Defendants to media outlets to place Defendants' ads next to articles about Plaintiff

2

or next to articles in which the term "Newmark" appears, which could cause confusion or exploit Plaintiff's goodwill in its trademark. Plaintiff cites one instance in February 2018 when an ad for Defendants appeared next to an article about Plaintiff in the Registry. ECF 368 at 1. Plaintiff also cites an article about Plaintiff in the Commercial Mortgage Alert on February 9, 2018 that referred to Plaintiff as "Newmark Realty," even though, according to Plaintiff, that publication has traditionally referred to Plaintiff as simply "Newmark." *Id.* More generally, Plaintiff also argues that the information sought is relevant because "Defendants put the content of their advertisements in media outlets at issue by relying on them as evidence of their geographic scope, trade names, and services offered." *Id.* at 2.[2]

Defendants argue that RFP Nos. 167 and 168 are facially overbroad and disproportionate because they seek any communications with any media outlets relating to nearly any aspect of Defendants' business and are not limited by time, geography, or otherwise. *Id.* at 3. Defendants argue that responding to the RFPs would require them to "canvass records across thousands of brokers and employees." *Id.* at 4. Defendants also argue that the motion is an attempt to "circumvent" the ESI order in this case. Defendants state that "recent communications, if any, would have occurred electronically" and that they have not withheld any documents pertaining to Defendants' advertisements or media placement "that 'hit' on Plaintiff's ESI terms and custodians." *Id.* at 5.

The Court disagrees with Defendants' characterization that they would be required to canvas thousands of brokers and employees to collect relevant documents, given that only a limited number of Defendants' employees are likely to have been involved with the companies' advertisement and media placement activities. However, the Court agrees with Defendants that the requests, as phrased, are overly broad and disproportional to the needs of the case.

**Ruling:** The Court will limit RFP Nos. 167 and 168 to the particular incidents identified by Plaintiff in its motion. Defendants are to produce documents that reflect communications

---

[2] Plaintiff also asserts that Defendants interfered with Plaintiff's efforts to obtain some of the same information sought in RFP Nos. 167 and 168 through subpoenas to third party media outlets. Plaintiff has not made a motion to compel compliance with those subpoenas, so that issue is not before the Court.

1    between Defendants and the Registry and communications between Defendants and the

2    Commercial Mortgage Alert in the relevant time frames, even if such communications are stored

3    electronically.  The parties must be prepared to meet and confer before or at the hearing to propose

4    appropriate date parameters for Defendants' search, taking into account the lead time during which

5    any communications between the publications and Defendants would have taken place.

### b.  ECF 372:  Plaintiff's Motion to Compel Defendants' Responses to RFP Nos. 39, 41, 43, 83, 120, 121, and 134

8    Plaintiff seeks to compel further responses to several RFPs on various topics.

### i.  RFP Nos. 39, 41, and 43

10    These RFPs seek documents pertaining to the offering and/or performance of commercial

11    mortgage brokerage services by several companies before their acquisition by Defendants.

12    Defendants responded with objections and an agreement to produce only that information, if any,

13    identifying the nature of the acquired companies' real estate mortgage brokerage services that is

14    contained in Defendants' due diligence files related to the acquisitions.

15    Plaintiff argues that the documents sought are relevant to Defendants' laches defense,

16    particularly Defendants' argument that Plaintiff knew or should have known that Defendants'

17    affiliates were providing the relevant mortgage services prior to the laches period, and that the

18    limitation in Defendants' responses is improper.  Defendants argue that the RFPs as phrased are

19    overly broad and that Defendants' limitation on its search is reasonable.  Defendants also reiterate

20    their argument concerning the scope of their obligation to produce ESI documents, which the

21    Court addressed above.

22    **Ruling:**  The Court finds that RFP Nos. 39, 41, and 43 as phrased are overly broad and

23    disproportional to the needs of the case, considering that the information sought is of limited

24    relevance to Defendants' laches argument, which focuses on *Plaintiff's* knowledge concerning the

25    activities of Defendants' affiliates.  In light of these considerations, Defendants' agreement to

26    limit its production to responsive documents from its due diligence files is appropriate, and

27    Plaintiff's motion to compel a further response to RFP Nos. 39, 41, and 43 is DENIED, subject to

28

4

the Court's ruling on the ESI issue.

**ii.   RFP No. 83**

This RFP seeks production by Defendants of all non-privileged communications regarding

this action.  Defendants responded with objections and an agreement to produce only those

documents authored by senior management responsible for managing this dispute that specifically

make reference to this action.

Plaintiff argues that Defendants' limitation is "absurd, especially given defendants'

scorched earth approach to Plaintiff's communications," and Plaintiff offers to limit the request to

all responsive documents from Defendants' ESI custodians.  Defendants argue that they should

not be required to produce any additional responsive documents in light of the Court's recent

denial of Defendants' motion to compel regarding Plaintiff's discussions concerning the

preliminary injunction in this case.

**Ruling:**  Plaintiff has failed to demonstrate that information beyond what Defendants have

agreed to produce in response to RFP No. 83 is relevant or proportional to the needs of the case, and

therefore its motion to compel a further response to RFP No. 83 is DENIED, subject to the Court's

ruling on the ESI issue.

**iii.   RFP Nos. 120 and 121**

These requests seek all documents and things pertaining to Defendants' "plan and effort to

grow" their commercial real estate mortgage brokerage services and commercial real estate

mortgage banking services.  Defendants objected to these requests.

Plaintiff argues that the documents requested are relevant to willful infringement and

progressive encroachment.  Defendants argue that the terms "mortgage brokerage" and "mortgage

banking" are vague and that the requests are overly broad and cumulative of other requests.

**Ruling:**  The Court finds RFP Nos. 120 and 121 to be overly broad, vague and ambiguous,

particularly with respect to the phrase "plan and effort to grow."  These RFPs also appear to be

duplicative of other, more narrowly-tailored requests, such as RFP No. 66, which seeks

Defendants' business plans.  The parties should be prepared to discuss RFP No. 66 at the hearing,

specifically whether Defendants have produced the requested business plans.

United States District Court
Northern District of California

#### iv. RFP No. 134

This request seeks all documents and things regarding the transactions coded as "Financing" on various spreadsheets produced by Defendants. Defendants objected and agreed to produce only "summaries, if any, sufficient to identify the type of service provided in the transactions."

Plaintiff argues that the broader range of information sought is relevant because Defendants have relied on data showing transactions coded as "Financing" in support of Defendants' priority defense. Because of doubts concerning the reliability of the data, Plaintiff argues that it is entitled to test whether the relevant transactions actually involved financing. Defendants argue that there are 125 transactions at issue, and it would unduly burdensome to recreate the entire transaction history for each. As a compromise, Defendants searched for and produced the closing statements, marketing materials, and transactional documents it was able to find. Defendants also prepared a chart identifying by Bates number documents produced in response to this RFP. It is unclear if Defendants' chart reflects only the specific documents Defendants identify above or additional responsive documents. ECF 372, 5. Defendants again argue that "if Plaintiff wanted ESI relating to these financial transactions, Plaintiff was required to propose search terms and custodians aimed at capturing relevant ESI"; this argument is addressed in connection with ECF 368 above.

**Ruling:** The Court agrees with Plaintiff that it is entitled to the production of documents sufficient to show whether or not the transactions coded as "Financing" actually involved financing. However, Plaintiff's request for all documents concerning those transactions, including for example all "loan documents," is overly broad and disproportional to the needs of the case. By the time of the hearing, the Court expects that Plaintiff will have had an opportunity to analyze the chart prepared by Defendants and that the parties will be prepared to discuss whether the documents Defendants have produced—closing statements, marketing materials, transactional documents, and the chart listing responsive documents produced in response to RFP No. 134—are sufficient for Plaintiff's stated purpose.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### c. ECF 376: Plaintiff's Motion to Compel Defendants' Production of Revenues, Profits, and Costs Related to the Accused Services

Plaintiff seeks the production of additional financial documents that Plaintiff argues are necessary to fully evaluate Plaintiff's damages claims, particularly Plaintiff's claims for disgorgement of Defendants' profits. The information Plaintiff seeks includes documents showing to which services Defendants' revenues and costs are attributable and under which names the relevant services were performed. Plaintiff acknowledges that Defendants have produced some financial documents but claims that the relevance of the documents and their relationship to Defendants' allegedly infringing services cannot be determined from the documents themselves. Defendants argue that Plaintiff does not need Defendants' financial information to determine how it has been damaged and that Defendants have produced many responsive financial documents. Defendants also argue that they are required only to produce responsive documents as they are kept in the ordinary course of business.

**Ruling:** The Court agrees with Plaintiff that it is entitled to financial documents relevant to its damages theories, but agrees with Defendants that Defendants are not required to create documents and may produce financial documents as they are kept in the ordinary course of business. From the parties' submission, the Court cannot determine whether Defendants have produced all relevant, responsive financial documents. At the hearing, Defendants must be prepared to identify with specificity the documents Defendants themselves would review to determine revenue, costs and profits associated with each allegedly infringing service and whether those documents have been produced. As a further test of responsiveness, but not a limitation on responsiveness, any financial document which Defendant will provide to its damages expert must be produced to Plaintiff.

Plaintiff's motion also includes a request for a deposition of what appears to be a Rule 30(b)6 witness on to Defendants' financial documents. It is the Court's understanding that the parties are in the process of scheduling depositions and therefore there does not appear to be a ripe dispute before the Court about production of such a witness.

7

### d. ECF 379: Plaintiff's Motion to Compel Defendants' Responses to RFP Nos. 111-112

Plaintiff seeks to compel further responses to RFP Nos. 111 and 112, which seek documents and things related to Defendants' acquisition of Berkeley Point Financial LLC and Regency Capital Partners. Plaintiff argues that Defendants refused to produce documents related to Berkeley Point and agreed to produce only limited documents concerning Regency. Plaintiff further argues that the documents sought are relevant to Plaintiff's claims, including its claims of willfulness and irreparable harm, because Berkeley Point and Regency for many years offered commercial mortgage services in competition with Plaintiff.

Defendants argue that Plaintiff's motion is procedurally improper because Plaintiff has split its motions concerning RFPs into separate motions. Defendants also argue that the RFPs are disproportional to the needs of the case, particularly in light of the Court's denial of Defendants' motion to compel Plaintiff to produce ESI concerning Berkeley Point, and state that Defendants have agreed to produce a more narrow scope of documents concerning both Berkeley Point and Regency.

**Ruling:** The Court declines Defendants' invitation to deny Plaintiff's motion to compel on procedural grounds. Neither party is in a position to criticize the number or piecemeal nature of the other party's discovery motion practice. On the merits, the Court agrees with Defendants that Plaintiff's requests are too broad and finds the scope of what Defendants have agreed to produce reasonable, pending the Court's decision on the ESI issue.

### e. RFP 382: Plaintiff's Motion to Compel Unqualified Admissions to RFA Nos. 3, 4, 6, and 7

Plaintiff moves to compel Defendants to provide unqualified admissions to RFA Nos. 3, 4, 6, and 7. These RFAs ask Defendants to admit various matters regarding their provision of or engagement in "mortgage banking services" or "mortgage banking." Defendants objected to the terms "mortgage banking services" and "mortgage banking" as ambiguous, stated its understanding of those terms "as described by some of Plaintiff's witnesses," and stated that with

8

1   that understanding, Defendants "provided such services on a limited basis, if any, under the

2   referenced trademarks."

3       Plaintiff argues that Defendants' RFA responses "improperly eschew[] any understanding

4   of its own" regarding the disputed terms and did not respond to the RFAs because they state that

5   Defendants provided such services "on a limited basis, if any." Defendants argue that their

6   responses were proper in light of ambiguities in the requests.

7       **Ruling:** Setting aside the finger-pointing about why and how this motion was filed, it

8   appears that the parties had met and conferred about the Plaintiff providing revised RFAs with

9   particular definitions for the defined terms, without reaching a final agreement. The Court orders

10  Plaintiff to serve revised RFAs using the definition Plaintiff proposes at page 3 of ECF 382.

11  Defendants must serve responses that comply with Federal Rule of Civil Procedure 36(a)(4). The

12  Court will establish the deadlines for the revised RFAs and responses at the hearing.

13

14  **III.    DEFENDANTS' MOTIONS TO COMPEL**

15

16      **a. ECF 361:  Defendants' Motion to Compel Responses to Interrogatory Nos. 6, 7, 8, 9, and 14 and RFP Nos. 153-160**

17  Defendants seek to compel further responses to several interrogatories and RFPs.

18

19      **i.  Interrogatory No. 6**

20      This interrogatory seeks facts about Plaintiff's first awareness of certain activity by

21  Defendants. Defendants argue that Plaintiff's supplemental response is insufficient because,

22  among other things, it "ignores all of the evidence … regarding Defendants' use of 'Newmark'

23  prior to 2016." ECF 361 at 2. Plaintiff states that its response provides the requested factual

24  information about its first awareness of Defendants' alleged infringement, and Plaintiff contends

25  that is not required to adopt what Defendants argues is evidence of Plaintiff's earlier awareness.

26      **Ruling:** The Court agrees with Plaintiff and finds Plaintiff's supplemental response

27  sufficient.

28

9

### ii. Interrogatory No. 7

This interrogatory concerns whether Plaintiff is claiming infringement as to Defendants' pre-2012 use of "Newmark" and, if so, the factual basis of that claim. Defendants argue that Plaintiff's response is insufficient because "it does not indicate Plaintiff's position as to pre-2012 activity." ECF 261 at 2. Plaintiff states that is supplemental response, which states that "Plaintiff is unaware that defendants provided infringing services prior to April 2012" and that Plaintiff will supplement its response if it learns otherwise, is proper and complete.

**Ruling:** The Court finds Plaintiff's supplemental response sufficient.

### iii. Interrogatory No. 8

This interrogatory seeks the factual basis for Plaintiff's claims of trademark infringement. Defendants argue that Plaintiff's objections are inappropriate and that its response is conclusory without referencing facts or identifying specific documents. Plaintiff argues that its objections are proper and its supplemental response is complete.

**Ruling:** The Court reserves ruling on whether Plaintiff's supplemental responses, which rely in part on cross-referencing certain other interrogatory and RFP responses, are adequate. At the hearing, both parties must be prepared to address (1) whether the interrogatory responses cross-referenced by Plaintiff are relevant to this interrogatory and, (2) whether both parties have responded to interrogatories by cross-referencing other requests for production rather than specifying particular documents by Bates number. *See* Fed. R. Civ. P. 33(d)(1) (stating that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records … and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by … specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could …").

### iv. Interrogatory No. 9

This interrogatory seeks facts relating to Plaintiff's awareness of Defendant's USPTO

1    filings. Defendants argue that Plaintiff has avoided a clear response by stating that its awareness

2    is recounted in correspondence between the parties (which was through counsel) and by stating

3    that it "has no recollection" of reviewing any specific documents. Plaintiff argues that its

4    objections are proper and its supplemental response is complete.

5         **Ruling:** The Court finds that Plaintiff's response that it is has no recollection on this issue

6    is acceptable. Although not a model of clarity, this response conveys that Plaintiff has no facts on

7    this issue other than what is provided in the identified correspondence and is adequate to bind

8    Plaintiff to that position at trial. The Court reserves ruling on whether Plaintiff's supplemental

9    responses are otherwise adequate. At the hearing, as with Interrogatory No. 8 above, both parties

10   must be prepared to address whether Plaintiff has adequately cross-referenced documents in its

11   interrogatory response.

### v. Interrogatory No. 14

13   This interrogatory seeks facts relating to Plaintiff's denial of an RFA regarding Plaintiff's

14   awareness of certain of Defendants' USPTO filings. Plaintiff's supplemental response refers to

15   previous correspondence between counsel for the parties and states that "Plaintiff is unable to

16   provide any further information responsive to this interrogatory due to the attorney-client privilege

17   and work product doctrine."

18   Defendants argue that Plaintiff's supplemental response lacks facts to support its denial of

19   the associated RFA and that Plaintiff's argument that there are no non-privileged facts is non-

20   sensical. Plaintiff argues that its response is complete.

21        **Ruling:** The Court finds that Plaintiff's response is acceptable. Plaintiff's decision to

22   invoke attorney-client privilege and work product in response to this interrogatory will prevent it

23   from coming forward with additional facts at trial to support its denial of the associated RFA.

24

### vi. RFP Nos. 153-160

26   These document requests seek all documents relating to Plaintiff's various contentions.

27   Defendant questions whether Plaintiff has searched for or withheld documents based on its

28

11

1  subjective interpretation of each RFP.  Plaintiff's responses state that it has produced non-

2  privileged documents responsive to each request that it located after a reasonable and diligent

3  investigation.  Plaintiff states that it has already confirmed during the parties' meet and confer

4  discussions that it was not withholding or excluding from its search based on its "vague and

5  ambiguous" objections.

6      **Ruling:**  Based on Plaintiff's representation, the Court DENIES the motion to compel

7  further responses to RFP Nos. 153-160.

8

9      **b.  ECF 370:  Defendants' Further Motion to Compel Responses to First Set of Interrogatories**

10      Defendants seek an order requiring Plaintiff to further supplement its third supplemental

11  response to Interrogatory No. 2, which Plaintiff served in response to this Court's April 25, 2018

12  order (ECF 311).  Plaintiff's third supplemental response complies with the Court's April 25

13  order, and therefore the Court DENIES the motion to compel a further response to Interrogatory

14  No. 2.

    **SO ORDERED.**

15

16  Dated: May 24, 2018

17

18  _____

19  SUSAN VAN KEULEN
    United States Magistrate Judge

20

21

22

23

24

25

26

27

28