UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC.,<br>    Plaintiff,<br>v.<br>BGC PARTNERS, INC., et al.,<br>    Defendants. | Case No. 16-cv-01702-BLF (SVK)<br><br>**ORDER ON PLAINTIFF'S REQUEST TO TAKE ADDITIONAL DEPOSITIONS**<br><br>Re: Dkt. No. 410 |

The cutoff for completion of depositions in this case is June 29, 2018. ECF 268. On June 15, 2018, two weeks before the cutoff, Plaintiff filed a request to increase the number of Plaintiff's permitted depositions from 10 to 25. ECF 410. Defendants did not cooperate with Plaintiff in preparation of a joint statement on this discovery dispute, but the Court gave Defendants an opportunity to respond to Plaintiff's request. ECF 411, 412. The Court then permitted Plaintiff to file a reply. ECF 413, 414. Having considered the submissions of the parties, the record in this case, and the relevant law, the Court ORDERS as follows:

Defendants argue that Plaintiff's request to take additional depositions is untimely. Plaintiff has known about all of the 15 proposed "new" deponents since at least April 28, 2018, when Defendants served their Supplemental Initial Disclosures. Plaintiff has known about most of the witnesses for much longer, since they submitted declarations months earlier in the case. Plaintiff attempts to explain that it did not raise the issue earlier because Defendants had refused to schedule any depositions until after the ESI production was complete (which occurred on May 18, 2018) and because Plaintiff believed that Defendants would agree to additional depositions in light of the Court's March 20, 2018 order, which granted in part Defendants' request to take additional depositions.

Defendants also argue that they will be prejudiced if Plaintiff is permitted to schedule

additional depositions at this late date, given that the parties have already scheduled over a dozen depositions during the second half of June, which has required double- and triple-tracking the deposition schedule and leaves Defendants insufficient time to prepare for and defend the additional depositions Plaintiff seeks. Plaintiff argues that Defendants would not have been prejudiced had they met and conferred when Plaintiff first raised the issue. Also, in its reply, Plaintiff for the first time acknowledges that to schedule additional depositions at this time would require a two-week extension of the deadline to complete depositions. This acknowledgment reinforces Defendants' argument that the requested additional depositions cannot be completed on the current schedule, and Plaintiff should have addressed this problem directly in its request for additional depositions.

As a compromise, Defendants offer to make three witnesses on Plaintiff's list (Mr. Das, Ms. Welch, and Mr. Zakin) available for half-day depositions. ECF 412 at 5. Plaintiff replies that any compromise should include, at a minimum, four additional witnesses (Mr. Daya, Mr. Zampa, Mr. Hunter, and Mr. Talbot).

The Court finds Defendants' arguments concerning untimeliness and prejudice well-taken. The Court is also concerned about gamesmanship between the parties in negotiating to complete discovery in an efficient timely manner. The Court GRANTS Plaintiff's request in a limited fashion as follows: Plaintiff may have five (5) additional business days, until and including July 9, 2018, to take four (4) additional depositions from the seven deponents identified by both sides in compromise. Each deposition is limited to 3.5 hours. All other deadlines in the case, including expert disclosure on July 6, 2018, remain in place.

**SO ORDERED.**

Dated: June 21, 2018

SUSAN VAN KEULEN
United States Magistrate Judge