UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BGC PARTNERS, INC., et al., <br><br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **ORDER RE: DEFENDANTS' RESPONSE FILED PURSUANT TO COURT'S ORDER DENYING IN PART PLAINTIFF'S MOTION FOR CONTEMPT** <br><br> [Re: ECF 407] |

The Court previously denied in part Plaintiff's Motion for Order to Show Cause Why Defendants Are Not in Civil Contempt of the Court's Preliminary Injunction Order ("Motion for Contempt"). Order, ECF 401. In the Order, the Court raised concerns regarding (1) Defendants' description in a February 2018 press release about their services and (2) Defendants' display of "Newmark" in their invitation for and during the cocktail reception at a Commercial Real Estate Finance/Multifamily Housing Convention & Expo (the "CREF Conference") that was held on February 2018. *See* Order 19–20, 22–23. Defendants were allowed to submit a response because they did not have an opportunity to address the relevant evidence submitted by Plaintiff. *Id.* at 23–24. The Court has reviewed Defendants' Response (ECF 407) and addresses the two issues below.

**The February 2018 Press Release:** The Court raised a concern that one of the press releases identified by Plaintiff abbreviates Newmark Group, Inc. as "Newmark" and states under the "About Newmark Group, Inc." heading the following:

> Newmark is a full-service commercial real estate services business that offers a complete suite of services . . . across the entire commercial real estate industry. Newmark's investor/owner services and products include capital markets . . . and, under other trademarks and names like Berkeley Point and NKF Capital Markets, government sponsored enterprise lending, loan servicing, debt and structured financing and loan sales.

Order 19–20 (citing Ex. 8 to Yip Decl. at ECF 202-8, ECF 202-9). The Court stated that Defendants may use trademarks like Berkeley Point and NKF Capital Markets to offer "government sponsored enterprise lending, loan servicing, debt and structured financing and loan sales," but the statements that "Newmark is a full-service commercial real estate services business that offers a complete suite of services . . . across the entire commercial real estate industry" and "Newmark's investor/owner services and products include capital markets" suggest that Defendants provide mortgage services under the "Newmark" brand in violation of the preliminary injunction order. *Id.* at 20.

Defendants explain that the above language was drafted to comply with the injunction order. Response 1. According to Defendants, the language at issue is used only for corporate announcements involving Newmark Group, Inc.'s strategic acquisitions and earnings announcements but not for press releases describing Defendants' brokerage operations. *Id.*; Lewis Decl. ¶¶ 4–5, ECF 407-1. Defendants state that out of the 165 press releases posted on their website in 2018, only six include the "Newmark Group, Inc." description at issue. *Id.* ¶ 6. Of the six press releases, one relates to a corporate acquisition of a sales and leasing brokerage and the other five concern communications with shareholders about quarterly earnings. *Id.* Defendants further contend that the description at issue was drafted to provide a consolidated overview of the "various offerings provided by companies under the Newmark Group, Inc. umbrella" and to make clear that the trademarks of Newmark Group, Inc.'s *subsidiaries* provided "services that could be arguably covered by the injunction." Response 1–2. For these reasons, Defendants assert that there has been no violation of the injunction. *Id.*

Nevertheless, in light of the Court's concern, Defendants have created a new template description to make clear that "Newmark Group, Inc. is a public holding company that operates through its subsidiaries and that all subsidiaries providing mortgage services do so under the

1  Newmark Knight Frank and Berkeley Point names." Response 2. Specifically, Defendants stated
2  that they will use updated language which is reproduced below with annotations:

**About Newmark Group, Inc.**

Newmark Group, Inc. ("Newmark Group") is a publicly traded company that, through subsidiaries, operates as ~~is~~ a full-service commercial real estate services business ~~that offers~~ with a complete suite of services and products for both owners and occupiers across the entire commercial real estate industry. ~~Newmark's~~The investor/owner services and products of Newmark Group's subsidiaries include capital markets (including investment sales), agency leasing, property management, valuation and advisory, diligence and underwriting. ~~and, under trademarks and names like Newmark Knight Frank and Berkeley Point,~~ Under the Newmark Knight Frank and Berkeley Point Capital names, the company's subsidiaries also offer~~s~~ government sponsored enterprise lending, loan servicing, debt and structured finance and loan sales. Newmark Group's occupier services and products include tenant representation, global corporate services, real estate management technology systems, workplace and occupancy strategy, consulting, project management, lease administration and facilities management. Newmark Group enhances these services and products through innovative real estate technology solutions and data analytics designed to enable its clients to increase their efficiency and profits by optimizing their real estate portfolio. Newmark Group has relationships with many of the world's largest commercial property owners, real estate developers and investors, as well as Fortune 500 and Forbes Global 2000 companies. Newmark Group, which is listed on the NASDAQ Global Select Market under the symbol "NMRK", is a publicly traded subsidiary of BGC Partners, Inc. ("BGC"), a leading global brokerage company servicing the financial and real estate markets. BGC's common stock trades on the NASDAQ Global Select Market under the ticker symbol "BGCP". BGC also has an outstanding bond issuance of Senior Notes due June 15, 2042, which trade on the New York Stock Exchange under the symbol "BGCA". Newmark~~,~~ and Berkeley Point are trademarks/service marks and/or registered trademarks/service marks of Newmark Group, Inc. and/or its affiliates. Knight Frank is a service mark of Knight Frank (Nominees) Limited. Find out more about Newmark at http://www.ngkf.com/, https://twitter.com/newmarkkf, https://www.linkedin.com/company/newmark-knight-frank/, and/or http://ir.ngkf.com/investors/investors-home/default.aspx.

Ex. 1 to Lewis Decl., ECF 407-1.

In light of Defendants' explanation, the Court finds that the Newmark Group, Inc. description at issue fails to constitute clear and convincing evidence showing that Defendants' use of that description was "not based on a good faith and reasonable interpretation of the [injunction] order." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (holding that the party alleging civil contempt must demonstrate by clear and convincing evidence that the contemnor's conduct was not the product of a good faith or reasonable interpretation of the order). Here, Defendants

properly understood that they are not permitted to use "Newmark" as a trademark to denote the source of certain mortgage-related services. Despite the inaccuracy in their description, it is apparent that Defendants intended to avoid the impermissible use of "Newmark" by indicating that Newmark Knight Frank and Berkeley Point provide mortgage-related services. Moreover, Defendants used the Newmark Group, Inc. description only in press releases that do not directly discuss commercial real estate transactions. Lewis Decl. ¶¶ 4–5. As such, the Court concludes that the deficiency in the language at issue does not warrant a finding of contempt because Defendants' use of that language was the product of good faith and reasonable interpretation of the injunction order. *Bright*, 596 F.3d at 694.

Further, the Court is satisfied with the updated language proposed by Defendants. The new description makes it clearer that Newmark Group, Inc. operates *through its subsidiaries* as a full-service commercial real estate service business with a complete suite of services and products. Ex. 1 to Lewis Decl. Defendants also have clarified that the subsidiaries of Newmark Group, Inc.—as opposed to "Newmark"—provide capital market services. *Id.* As such, the new language addresses the concern raised in the Order.

Defendants ask the Court to allow them to maintain the past press releases without replacing or deleting the language at issue. Response 2. The Court, however, does not find that updating the past press releases would be overly burdensome. Defendants represent that there are only six press releases at issue. As opposed to releases that have already been filed with the SEC, Defendants have direct control of the webpages displaying the press releases. Revising those webpages would not be costly or technically difficult. Therefore, Defendants shall promptly modify the webpages that display the six press releases containing the description at issue.

**The CREF Conference Cocktail Reception:** The Court raised a concern regarding the display of "Newmark" in the invitation and during the cocktail reception at the CREF Conference. Order 22. Defendants assert that there was no violation of the preliminary injunction order because Defendants neither created the invitation nor hosted the reception. Response 3. According to Defendants, the use of "Newmark" at issue was conducted by Cantor Commercial Real Estate ("CCRE") which is affiliated with Defendant Newmark & Co. Real Estate, Inc. only

4

through the common ownership of Cantor Fitzgerald, L.P. *Id.* Defendants contend that they do not exercise control over CCRE and that the invitation at issue was created by a CCRE administrative assistant who was unaware of the injunction. *Id.* On this basis, Defendants assert that the use of "Newmark" was a result of "inadvertent, innocent human error by a non-party." *Id.* Defendants further represent that they would not have allowed the use of the logo at issue for the cocktail reception. *Id.* (citing *Lewis Decl.* ¶¶ 13, 18).

The Court is satisfied with Defendants' explanation and concludes that the evidence regarding the cocktail reception at the CREF Conference does not warrant a finding of contempt. On its face, the preliminary injunction order is applicable to Defendants and does not expressly enjoin CCRE from using "Newmark" for certain mortgage-related services. *See* Mod. Prelim. Inj. Order 43, ECF 262. At this juncture, there has been no showing that Defendants exercise control over CCRE. Moreover, Defendants represent that they have implemented a policy of not using the "Newmark" logo for industry events that might be connected to debt and equity financing and that Cantor Fitzgerald's marketing department is aware of this policy. Even if CCRE were subject to the injunction, the display of "Newmark" in the invitation and during the cocktail reception appears to have been an inadvertent violation due to the error of CCRE staff who did not obtain approval from the marketing department (*see* Lewis Decl. ¶¶ 14–17). *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (holding that inadvertent violations of an order do not constitute contempt). Under these circumstances, the Court finds that Plaintiff has not established by clear and convincing evidence that Defendants are in contempt of the injunction order because the staff of non-party CCRE inadvertently used the "Newmark" logo for the cocktail event without the involvement of the marketing department. Defendants represent that they have communicated with Cantor Fitzgerald's Chief Marketing Officer to ensure that all CCRE materials are approved by the marketing department and that CCRE will use the NEWMARK KNIGHT FRANK logo in future events. *See* Lewis Decl. ¶¶ 17–18.

For the foregoing reasons, the remainder of Plaintiff's Motion for Contempt is DENIED. In light of the above discussion, Defendants shall promptly modify or remove the webpages that display the six press releases containing the "Newmark Group, Inc." description at issue. The

5

Court recognizes that complying with a preliminary injunction order in this case involves a complex process. The Court expects Defendants to expend reasonable efforts in good faith to comply with the injunction order.

**IT IS SO ORDERED.**

Dated: June 22, 2018

_____
BETH LABSON FREEMAN
United States District Judge