UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STAY THE CASE;** <br><br> **ORDER TERMINATING MOTION TO SHORTEN TIME FOR BRIEFING AND TO ADVANCE HEARING DATE AS MOOT; AND** <br><br> **ORDER GRANTING PARTIES' REQUESTS FOR CONSIDERATION OF NEW EVIDENCE** <br><br> [Re: ECF 415, 416, 431, 434] |

On June 20, 2018, Defendants BGC Partners, Inc. and Newmark & Co. Real Estate, Inc. filed a Motion to Stay the Case. Motion to Stay, ECF 415. Defendants also filed a Motion to Shorten the Time for Briefing and to Advance the Hearing Date on the Motion to Stay the Case. Motion to Shorten Time, ECF 416. Given the time sensitive nature of Defendants' Motions and the Court's unavailability from June 23 to July 7, 2018, the Court held a hearing on Defendants' Motion to Stay on June 22, 2018. Prior to the hearing, Plaintiff Newmark Realty Capital, Inc. filed an Opposition to the Motion to Stay. Opp'n, ECF 420. After hearing oral argument, the Court allowed the parties to submit further briefing. Plaintiff filed a Supplemental Opposition (ECF 427), and Defendants submitted their Reply (ECF 428).

As the parties have completed their briefing and presented oral argument, Defendants' Motion to Shorten Time is TERMINATED as moot. Having considered the briefing and oral argument, the Court DENIES Defendants' Motion to Stay for the reasons below.

## I. BACKGROUND

On April 30, 2018, Defendants filed an interlocutory appeal of the Court's (1) Order Granting in Part and Denying in Part Plaintiff's Motion for Preliminary Injunction (ECF 134) and (2) Order Granting In Part and Denying in Part Defendants' Motion for Reconsideration of Preliminary Injunction (ECF 262) in the United States Court of Appeals for the Ninth Circuit. ECF 319. On May 1, 2018, Plaintiff filed a cross-appeal of the two aforementioned orders and the Court's Order Denying Plaintiff's Motion to Modify Preliminary Injunction (ECF 284). ECF 323.

Nearly two months after filing their appeal, Defendants filed the instant Motion to Stay. Specifically, Defendants request the Court to stay this action pending the resolution of the parties' interlocutory appeals before the Ninth Circuit. Motion to Stay 1. Defendants' Motion to Stay was heard on June 22, 2018. During the hearing, the Court indicated the possibility of continuing the trial date for about six months. Plaintiff vigorously objected to that possibility.

## II. LEGAL STANDARD

Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citations omitted). A movant does not have an absolute right to a stay "even if irreparable injury might otherwise result." *Id.* at 433 (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, the propriety of granting a stay depends on the "circumstances of the particular case." *Id.* (citing *Virginian Ry.*, 272 U.S. at 672–73). A court may accordingly "grant or deny a stay in accordance with its best judgment." *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221, at *2 (N.D. Cal. June 8, 2011).

Factors governing the issuance of a stay are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The Ninth Circuit has . . . held that in order to qualify for a stay pending appeal under the *Hilton* factors, a moving party must show (1) at least a 'substantial case for relief on the merits' on appeal; (2) probable irreparable harm if no stay is granted; (3) that the

2

1  balance of harms tips in favor of the moving party; and (4) that a stay is in the public interest."
2  *Guifu Li*, 2011 WL 2293221, at *3 (citing *Leiva–Perez v. Holder*, 640 F.3d 962, 968 (9th Cir.
3  2011)).

### III. PARTIES' REQUESTS FOR CONSIDERATION OF NEW EVIDENCE

On July 11, 2018, Defendants filed a request for consideration of new evidence. ECF 431. Specifically, Defendants ask the Court to consider Plaintiff's brief in support of its cross-appeal which was filed on July 10, 2018. *Id.* On July 12, 2018, Plaintiff filed an opposition. ECF 433. Plaintiff also requests that the Court take judicial notice of a complaint filed against Defendant Newmark & Co. Real Estate, Inc. in the Southern District of New York. *Id.* The complaint alleges sexual harassment. *Id.* On July 13, 2018, Plaintiff filed a request to submit new evidence regarding the sexual harassment lawsuit filed in the Southern District of New York. ECF 434.

The Court GRANTS Defendants' request at ECF 431 and has accessed Plaintiff's brief through the Ninth Circuit's ECF docket. The Court also GRANTS Plaintiff's request for judicial notice and request to submit new evidence at ECF 434. The Court will afford each piece of evidence the weight it deserves.

### IV. DISCUSSION

The Court now turns to the four *Hilton* factors as applied to this case.

#### A. The First Factor: Likelihood of Success

Under the likelihood of success factor, a party moving for stay must show, at a minimum, that it has a "substantial case on the merits." *Leiva-Perez*, 640 F.3d at 967 (citation omitted). The moving party may satisfy this requirement by showing that the case "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Id.* at 971.

Defendants argue that they have a "substantial case" for relief on their laches defense. Mot. to Stay 5. According to Defendants, Plaintiff has never offered justification for its lengthy delay in filing suit and that Defendants have been prejudiced by the delay. *Id.* Defendants also assert that there are "serious legal questions" whether Defendants obtained "nationwide senior rights to NEWMARK for financing services, and the extent to which such services were otherwise within their natural zone of expansion." *Id.* at 6. Defendants further contend that the first factor is

3

meant to address whether the law of the case is likely to change due to the appeal. *Id.* Defendants claim that the *E-Systems* analysis for laches and *Sleekcraft* analysis for the natural zone of expansion are "pure issues of law," in which the standards articulated by the Ninth Circuit will apply to this case. Reply 2.

Plaintiff counters that Defendants attempt to improperly obtain appellate guidance on the merits before trial. Opp'n 3. According to Plaintiff, such a reason is "improper and defies governing Ninth Circuit authority." *Id.* at 3–4 (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002–03 (9th Cir. 2012)); *see also* Suppl. Opp'n 2–3. Plaintiff asserts that the Ninth Circuit has consistently enunciated that a district court should not delay trial to await its interlocutory review of a preliminary injunction. Suppl. Opp'n 2 (citing *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988); *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)). In support, Plaintiff quotes the Ninth Circuit's opinion in *Caribbean Marine*: "To the extent that a desire to get an early glimpse of our view of the merits of the underlying legal issues in this litigation motivated this tactic [to stay], it was both misconceived and wasteful." 844 F.2d at 673.

Defendants respond that Plaintiff misstates the significance of the cited Ninth Circuit cases. Reply 2. For instance, Defendants argue that *Melendres* concerned whether the district court properly issued an injunction as opposed to a stay order. Defendants also contend that the Ninth Circuit distinguished *Sports Form* and approved of an appeal of a preliminary injunction where "the district court's denial of injunctive relief rested primarily on interpretations of law, not on the resolution of factual disputes." *Id.* (citing *Sierra Club*, 816 F.2d 1376, 1388 (9th Cir. 1987), *abrogated on other grounds as recognized by Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075 (9th Cir. 2015)).

The Court is unpersuaded by Defendants' arguments. As mentioned, Defendants argue that there are "serious legal questions" on appeal and that the Ninth Circuit will likely change the law of the case. Mot. to Stay 5–6. But the "fact that Defendants are requesting a review of the district court's decision does not automatically mean they have raised a 'serious legal question' on appeal." *Guifu Li*, 2011 WL 2293221, at *3 (citation omitted). In the Ninth Circuit, "serious legal

4

questions" often concern constitutionality, issues concerning a split of authority, or questions of law. *See id.* (collecting cases). Here, there has been no adequate showing of such issues. Defendants challenge the Court's rulings on Defendants' laches and prior rights defenses and their reliance on the natural zone of expansion doctrine, which were based on an extensive review of the factual record submitted at that early stage of the case. Defendants merely disagree with the Court's decisions.

To be sure, Defendants assert that the analyses for laches and the natural zone of expansion are "pure issues of law" and that those issues are potentially case-dipositive. *See* Reply 2. This argument is unavailing. Those issues involve factual considerations. Indeed, "the application of laches depends on a close evaluation of all the particular facts in a case." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000). Likewise, to the extent the natural zone of expansion analysis is based on the likelihood of confusion, the inquiry concerns factual determinations. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1264 (9th Cir. 2001) ("Likelihood of confusion[] [is] a question of fact."). Given the fact intensive inquiry of the disputed issues, it is unlikely that the Ninth Circuit will completely dispose of this case.

Moreover, as Plaintiff argues, the Ninth Circuit has repeatedly cautioned district courts from delaying resolution of the merits at trial. To be sure, the Ninth Circuit in *Melendres* was addressing the propriety of the district court's injunction order as opposed to a stay order. 695 F.3d at 1002–03. Nevertheless, the Ninth Circuit made clear that its disposition of appeals from preliminary injunction orders generally provide "little guidance as to the appropriate disposition of the merits" because its review of "the law applied by the district court" is limited and the fully developed factual record may be materially different at trial. *Id.* at 1003; *see also Sports Form*, 686 F.2d at 753 ("[The Ninth Circuit's] review of the district court's findings, pursuant to its action on a motion for preliminary judgment is, of course, restricted to the limited record available to the district court when it granted or denied the motion."). The Court finds that *Melendres*' caution is applicable to this case. Many of the parties' disputed issues are intertwined with factual determinations and the Court was presented with only a limited record when ruling on the parties' motions regarding the preliminary injunction. There is no doubt that the parties will present new

5

1   evidence for the remaining proceedings of this case. As such, while the Ninth Circuit's
2   disposition of the pending appeals may provide guidance, the disposition may have limited effect.
3   In fact, *Sierra Club*, the Ninth Circuit case cited by Defendants, supports this conclusion. 816
4   F.2d at 1388 (recognizing that appellate review of preliminary injunctions are limited where the
5   record was not fully developed or "the dispute turns on the resolution of complex factual issues").

For the above reasons, the Court finds that Defendants have not sufficiently shown that they have a case raising "serious legal questions" which warrants a delay of the proceeding to wait for the Ninth Circuit's ruling. The first *Hilton* factor weighs against the requested stay.

### B. Second Factor: Probability that Defendants will be Irreparably Injured

To satisfy the second factor, "simply showing some 'possibility of irreparable injury' " is insufficient. *Guifu Li*, 2011 WL 2293221, at *4 (citing *Nken*, 556 U.S. at 434–35). The moving party must make a "threshold showing that irreparable harm is probable absent a stay." *Id.* Otherwise, "a stay may not issue, regardless of the [moving party's] proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965.

Defendants argue that courts have found irreparable harm where "a defendant is forced to incur time and resources on expert discovery, dispositive motions, and trial preparation." Mot to Stay 6 (citing *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011); *Antonelli v. Finish Line, Inc.*, No. 5:11-CV-03874 EJD, 2012 WL 2499930, at *2 (N.D. Cal. June 27, 2012)).

Plaintiff responds that Defendants' expenditure from litigation does not justify a stay. Opp'n 5. Plaintiff contends that Defendants are not truly concerned about saving litigation costs. *Id.* According to Plaintiff, if Defendants were in fact concerned about litigation costs, they would have sought a stay "almost two months ago, on April 30, 2018, when they filed their notice of appeal." *Id.*

While "monetary losses incurred in litigation are generally not considered irreparable harm," some courts have found litigation costs to constitute irreparable harm in certain situations. *See, e.g.*, *Gray*, 2011 WL 6934433, at *3. The weight of litigation costs depends on "the specific circumstances of each case." *Antonelli*, 2012 WL 2499930, at *2.

Under the specifics of this case, the Court does not find that Defendants' concern regarding litigation expenditure sufficiently shows irreparable harm. First, regardless of the Ninth Circuit's resolution of the interlocutory appeals, it is very likely that the parties will proceed to trial. For example, Defendants assert counterclaims against Plaintiff. Those claims are not subject to the preliminary injunction orders. Moreover, as mentioned above, the disputed issues depend heavily on fact evidence. As such, the resolution of the parties' appeals would not likely dispose of the entire case. The parties thus will proceed to trial and continue to expend resources to litigate.

Moreover, the cases cited by Defendants do not compel a different conclusion. Those cases are distinguishable. *Gray* concerned an interlocutory appeal of an order granting class certification. 2011 WL 6934433, at *1. *Antonelli* involved an appeal of an order denying a motion to compel arbitration. 2012 WL 2499930, at *1. Reversal of those orders would have effectively disposed of those actions unlike this case as discussed above.

Second, as Plaintiff points out, Defendants did not move to stay this case when they filed their interlocutory appeal nearly two months ago. Instead, Defendants has continued to vigorously litigate this case. While the Court does not downplay the burden of litigation, the fact that Defendants did not ask for a stay when they filed an appeal undercuts their argument that litigation costs will cause them irreparable harm.

Accordingly, the Court finds that Defendants have not adequately shown the second *Hilton* factor based on irreparable harm.

### C. Third Factor: Injury to Other Parties

Under the third factor, the Court looks to whether Plaintiff will be prejudiced by an issuance of a stay. Defendants argue that a general concern of delay is insufficient to demonstrate a substantial injury. Mot. 7. (citing *Antonelli*, 2012 WL 2499930, at *3). Defendants also assert that Plaintiff's earlier statements arguing for a stay in the Joint Case Management Statement show that Plaintiff would not be harmed by a stay. *Id.* at 8. In addition, Defendants contend that Plaintiff's "cries of 'sever prejudice' . . . are overstated and totally inconsistent with its financial success over the past five years." Reply 4–5.

Plaintiff counters that it would be harmed by losing the January 2019 trial date, which is

7

scheduled almost three years after the complaint was filed. Opp'n 1. In Plaintiff's view, the "status quo is intolerable" because the preliminary injunction is ineffective. *Id.* Plaintiff also asserts that losing the current trial date means that numerous witnesses who are willing to testify on behalf of Plaintiff may no longer be able to testify. *Id.* at 1–2; Suppl. Opp'n 1. Plaintiff further contends that it is "grievously harmed by the loss of its identity with each passing day of infringement" and that the harm has accelerated recently since Defendants' IPO. Suppl. Opp'n 1. For these reasons, Plaintiff argues that it would suffer prejudice even if the trial date is continued by six months. *Id.*

The Court finds that the third factor strongly disfavors a stay or continuance of the trial date. First, as reflected in various motions concerning the preliminary injunction, this case accompanies a level of urgency to be resolved on the merits. Due to the difficulties imposed on the parties' businesses, and at the urging of Plaintiff, the Court set a trial for this case as early as possible. Losing that trial date imposes a substantial risk of harm to Plaintiff at least to the extent recognized by the Court throughout this proceeding.

Second, Plaintiff will suffer prejudice if a stay or continuance of the trial causes Plaintiff's witnesses to be unavailable to testify. Defendants assert that Plaintiff's mere argument that some untold number of witnesses is available only for January 2019 is insufficient to show harm. Reply 5. To be sure, in some cases, failing to identify a specific witness who would be unavailable may be inadequate to show prejudice. *See Antonelli*, 2012 WL 2499930, at *3. However, this action involves different circumstances than those presented in cases like *Antonelli*.

*Antonelli* concerned an employment-related dispute between the plaintiffs and their former employer and manager. *Id.*, at *1. No significant discovery, which would have aided the court to consider the importance of witnesses, appears to have been conducted. *See id.*, at *2. Here, unlike *Antonelli*, the heart of this case involves evidence of likelihood of confusion which may be introduced through witnesses' testimony. As reflected in numerous motions, both parties and the Court are well aware that Plaintiff intends to submit such evidence through testimony of Plaintiff's clients, potential clients, or former clients, who are third parties to this case. Thus, although Plaintiff has not named specific individuals, the Court finds that there is sufficient risk of harm

that some of Plaintiff's witnesses would be unavailable to testify were the January 2019 trial date continued to a later date. The risk of losing its ability to introduce evidence that may pertain to key issues substantially prejudices Plaintiff. *Cf. Wilkins-Jones v. Cty. of Alameda*, No. C-08-1485 EMC, 2012 WL 3116025, at *9 (N.D. Cal. July 31, 2012) ("As a general rule, the risk of substantial prejudice increases with the passage of time ... [including] if the delay has resulted in the loss of valuable evidence or an important witness has become unavailable." (quoting 6 Fed. Prac. & Proc. Civ. § 1488 (3d ed.)) (alteration in original).

The above harm is exacerbated by the uncertainty of when the Ninth Circuit will resolve the parties' interlocutory appeals. Defendants argue that they expect that a final decision will issue by the end of 2018 or early 2019. Reply 3–4. For support, Defendants cite cases where the Ninth Circuit has issued a decision within a few months after hearing oral argument. *Id.* at 4. On the other hand, Plaintiff strenuously disagrees with Defendants' optimistic view. Plaintiff cites its own line of cases where the Ninth Circuit took years to decide a preliminary injunction appeal. Opp'n 2; Suppl. Opp'n 4. Plaintiff further asserts that the parties' appeals will take much longer than what Defendants expect given the vast amount of evidence submitted to the Ninth Circuit. Suppl. Opp'n 4. According to Plaintiff, Defendants alone have submitted 26 volumes of excerpts. *Id.* The only conclusion that the Court can reach from the parties' arguments is that it is unable to determine with reasonably certainty when the Ninth Circuit will decide the interlocutory appeals. Without a clear assurance that a ruling will be issued by the end of this year, the Court cannot discount the risk of harm to Plaintiff that will be caused by a stay or continuance of the trial.

As a final point, the Court finds that Defendants' reliance on Plaintiff's earlier statements arguing for a stay in the Joint Case Management Statement to be weak. Those statements were made in February 2018. Since then, the Court narrowed the injunction in Defendants' favor and significant discovery has occurred. Plaintiff also believes that it continues to suffer harm despite the injunction. Opp'n 1. As such, it is reasonable for Plaintiff to change its view of how the case should proceed.

Based on the foregoing discussion, the Court finds that the third *Hilton* factor strongly disfavors a stay.

### D. Fourth Factor: The Public Interest

The fourth *Hilton* factor directs the Court to consider whether issuing the stay is in the public interest. Defendants argue that the interest in "judicial efficiency and economy" favors a stay. Mot. to Stay 8. Defendants contend that allowing the parties to move forward without resolution of the interlocutory appeals would lead to "the possibility of inconsistent rulings, wasted motion practice, and even a new trial" and that such a result would be inconsistent with the public interest. *Id.* at 9.

The Court, however, recognizes that the public interest is also served by the "expedient resolution" of this case. *See Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1108 (C.D. Cal. 2003). Here, the parties are suing each other for trademark infringement. The public interest concern in trademark cases is avoiding confusion to consumers. *Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 993 (9th Cir. 2009). And as mentioned above, the Ninth Circuit is reviewing the interlocutory appeals based on a limited record. Under these circumstances, there is particular importance to speedily advance the case to trial rather than delaying it.

Considering Defendants' arguments and the countervailing value of a speedy resolution, the Court finds that the fourth *Hilton* factor is neutral.

### V. CONCLUSION

For the foregoing reasons, the Court concludes that consideration of the four *Hilton* factors do not support a stay. Defendants have not sufficiently shown that the first and second factors are satisfied. The third factor strongly disfavors a stay because Plaintiff will be prejudiced. The fourth factor based on the public interest is neutral. Accordingly, Defendants have not established that they are entitled to a stay of this case. For the same reasons, the Court finds that a continuance of the trial date for six months is also unwarranted. Defendants' Motion to Stay is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 16, 2018

BETH LABSON FREEMAN
United States District Judge