United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** <br><br> [Re: ECF 358] |

Defendants BGC Partners, Inc. and Newmark & Company Real Estate, Inc. ("Defendants") seek Rule 11 sanctions against Plaintiff Newmark Realty Capital, Inc. ("NRC") and its attorneys, claiming litigation abuse stemming from NRC's unwarranted Motion to Modify Preliminary Injunction (ECF 202) and Contempt Motion (ECF 145). Mot., ECF 358. NRC's Motion to Modify Preliminary Injunction was filed while Defendants' Motion for Reconsideration (ECF 151) of the Court's preliminary injunction order was pending, and the Contempt Motion was filed one day before Defendants submitted their Motion for Reconsideration. NRC asserts that its motions were properly brought and it is Defendants who are abusing the judicial process by filing this motion. Opp'n, ECF 394.

The Court has considered the motion under Federal Rules of Civil Procedure, Rule 11, and the standard set by the Ninth Circuit. The Court recognizes that Rule 11 sanctions are an "extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F. 2d 1336, 1345 (9th Cir. 1988). On this basis, the Court has reviewed the underlying motions and exercises its discretion to determine whether those motions were brought for an improper purpose, were legally frivolous, or were an abuse of the judicial process. Under this standard, these motions simply do not fall into that unusual category of "rare and exceptional

case[s] where the action is clearly frivolous." *Id.* at 1344.

In a case that at times more resembles a street brawl than a legal dispute, both sides can lay claim to bringing overcharged and unsuccessful "emergency" motions. In fact, this Court's last ruling was a denial of Defendants' "emergency" motion for stay. ECF 435. Thus, having considered the merits of this motion through the lens of Rule 11 and this Court's inherent power, the Court is satisfied that NRC's motions were not frivolous.

NRC has submitted evidence that it believed shows continued confusion in the marketplace and encroachment of its business by Defendants even under the restrictions of the initial preliminary injunction. The Court is satisfied that NRC and its counsel had a good faith belief that additional relief was warranted and thus the Court cannot find that the motions were interposed for improper purpose. Although the Court found no merit to NRC's claims and was critical of NRC for seeking an expansion of a preliminary injunction that the Court had clearly signaled was on a fast track to being narrowed, the Court is satisfied that the motions were not an abuse of the judicial process. The Court recognizes that this is high stakes litigation and that NRC and Defendants each have much to lose if their use of Newmark as a trademark is restricted. Adding the distraction of sanctions motions to an already complex case is not a productive way to resolve this dispute. For the reasons stated above, the Court finds that Rule 11 sanctions are not warranted.

NRC has also failed to demonstrate that it is entitled to sanctions.

Based on the foregoing, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2018

BETH LABSON FREEMAN
United States District Judge

2