# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO SEAL** <br><br> [Re: ECF 553] |

Before the Court is Plaintiff's Renewed Motion to Seal ("RMS") pursuant to the Court's prior Omnibus Sealing Order ("Sealing Order," ECF 548). ECF 553. In the Sealing Order, the Court granted leave for Plaintiff to renew its sealing request "[f]or any document that has been denied sealing without prejudice." Sealing Order at 28, ECF 548. Plaintiff has done so. ECF 553. For the reasons stated below, Plaintiff's RMS is GRANTED.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

2

1  material" which "lists in table format each document or portion thereof that is sought to be

2  sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

3  highlighting or other clear method, the portions of the document that have been omitted from the

4  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative

5  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

6  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiff's renewed sealing motion (ECF 553) and the declaration of the designating parties submitted in support thereof (ECF 553-1). The Court finds that Plaintiff has articulated compelling reasons to seal certain portions of the submitted documents. The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 440-2 (533-3) | Declaration of Marcus Peterson in Support of Motion for Summary Judgment | GRANTED as to the highlighted portions at 4:2-5; 4:17-5:2; 5:7-14; 7:25-28. | The proposed redacted portions quote or reference confidential, non-public information regarding Plaintiff's business, clients and potential clients, deals, and transactions, and/or financial information, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 3 at ECF 553-1. |
| 440-3 (533-5) | Ex. 8 to Peterson Decl. | GRANTED as to the proposed redactions at 162:1-172:20; 173:5-179:16; 179:25-182:14; 182:18-25; 183:13-185:24; 186:8-189:21; 190:2-193:2; 193:9-194:23; 195:11-15; 195:21-200:14; 201:25-203:19; 204:19-205:24; 206:17-209:8; 211:2-24; 213:17-25; 266:1-8, 17-23; and 267:8-268:6. | The proposed redactions contain confidential, non-public information regarding Plaintiff's finances, business operations, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 4 at ECF 553-1. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 440-3 (533-7) | Ex. 11 to Peterson Decl. | GRANTED as to the proposed redactions at 74:2-75:3 and 215:6-217:7. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, finances, corporate ownership, and compensation information regarding Plaintiff's Principals, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 5 at ECF 553-1. |
| 440-3 (533-9) | Ex. 12 to Peterson Decl. | GRANTED as to the proposed redactions at 5:14, 165:6-21; 166:4-12; and 169:7-172:8. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, clients and potential clients, transactions, financial information, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 6 at ECF 553-1. |
| 440-3 (533-11) | Ex. 14 to Peterson Decl. | GRANTED as to the proposed redactions at 10:15-16; 153:21-155:3; and 174:1-178:10. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, clients or potential clients, deals, and transactions, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 7 at ECF 553-1. |
| 440-3 (533-13) | Ex. 15 to Peterson Decl. | GRANTED as to the proposed redactions at 5:21 and 308:10-309:6. | The proposed redactions contain confidential, non-public information regarding Plaintiff's finances, business, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 8 at ECF 553-1. |
| 440-3 (533-15) | Ex. 16 to Peterson Decl. | GRANTED as to the proposed redactions at 5:24-25 and 318:1-319:14. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, finances, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip |

4

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Decl. ¶ 9 at ECF 553-1. |
| 439-8 (533-17) | Ex. 60 to Levine Decl. | GRANTED as to the proposed redactions at 330:8-12. | The proposed redactions confidential non-public information regarding Plaintiff's clients or potential clients, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 10 at ECF 553-1. |
| 439-8 (533-19) | Ex. 66 to Levine Decl. | GRANTED as to the proposed redactions at 9:9; 18:16-24; 20:23-22:17; 37:25-43:4; 45:14-18; 52:12-53:20; 54:20-57:2; 70:11-73:6; 79:3-86:25; 96:19-98:16; 111:10-20; 120:4-130:20; 134:24-135:2; 137:6-8; 140:21-146:13; 151:15-152:9; 152:22-154:20; 155:9-12; 156:1-5; 160:21-162:21; 177:9-181:3; 182:1-21; 183:12-24; and 189:7-191:4. | The proposed redactions contain confidential non-public information regarding Plaintiff's business, corporate ownership, transactions, marketing practices, clients or potential clients, Board Minutes, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 11 at ECF 553-1. |
| 439-8 (533-21) | Ex. 67 to Levine Decl. | GRANTED as to the proposed redactions at 5:14; 104:19-21; 109:1-25; and 165:6-21. | The proposed redactions contain confidential non-public information regarding Plaintiff's business, transactions, clients or potential clients, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 12 at ECF 553-1. |
| 439-8 (533-23) | Ex. 68 to Levine Decl. | GRANTED as to the proposed redactions at 10:15-16; 153:21-155:3; 165:10-167:3; 169:21-173:10; 173:16-176:17; and 176:23-178:10. | The proposed redactions contain confidential non-public information regarding Plaintiff's business, clients or potential clients, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 13 at ECF 553-1. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 490-7 (533-25) | Ex. 20 to Davis Decl. | GRANTED as to the proposed redactions at 5:21; 92:13-18; 93:19-25; 111:7-11; 113:16-25; and 346:1-12. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, transactions, corporate ownership, and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 14 at ECF 553-1. |
| 490-7 (533-27) | Ex. 26 to Davis Decl. | GRANTED as to the proposed redactions at 10:15-16; 165:10-167:3; and 169:21-25. | The proposed redactions contain confidential, non-public information regarding Plaintiff's clients and other sensitive material, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 15 at ECF 553-1. |
| 490-7 (533-29) | Ex. 27 to Davis Decl. | GRANTED as to the proposed redactions at 5:24-25; 314:1-23; 315:6-14; 315:21-316:4; 316:22-317:4; 317:12-25. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, transactions, and other sensitive material, including information from its Board Minutes, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 16 at ECF 553-1. |
| 500-10 (533-31) | Ex. 2 to Davis Decl. | GRANTED as to the proposed redactions at 97:16-101:25. | The proposed redactions contain confidential, non-public information regarding Plaintiff's business, revenues, and other financial information, and would cause competitive harm to Plaintiff if disclosed publicly. Yip Decl. ¶ 17 at ECF 553-1. |

### III. CONCLUSION

For the foregoing reasons, Plaintiff's renewed sealing motion at ECF 553 is GRANTED. Plaintiff need not refile the lesser redacted versions of the documents, as Plaintiff has already filed

those versions as attachments to ECF 553.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge

7