COOLEY LLP
BOBBY A. GHAJAR (State Bar No. 198719)
bghajar@cooley.com
MARCUS D. PETERSON (State Bar No. 265339)
mpeterson@cooley.com
LAURA A. LEVINE (State Bar No. 299227)
llevine@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400 / Facsimile: (310) 883-6500

ANGELA DUNNING (State Bar No. 212047)
adunning@cooley.com
SHANNON M. EAGAN (State Bar No. 212830)
seagan@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000 / Facsimile: (650) 849-7400

CANTOR FITZGERALD
MICHAEL STEVEN POPOK (appearance *pro hac vice*)
mpopok@cantor.com
NIRAV S. SHAH (appearance *pro hac vice*)
nirav.shah@cantor.com
MIGUEL A. LOPEZ (appearance *pro hac vice*)
miguel.lopez@cantor.com
110 East 59th Street
New York, NY 10022
Telephone: 212-938-5000

Attorneys for Defendants/Counterclaimants BGC PARTNERS, INC.,
and NEWMARK & COMPANY REAL ESTATE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BGC PARTNERS, INC., NEWMARK & COMPANY REAL ESTATE, INC. DBA NEWMARK GRUBB KNIGHT FRANK, and DOES 1 to 10, ,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:16-cv-01702-BLF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE EVIDENCE OR TESTIMONY FROM JEFFREY KINRICH AND PLAINTIFF'S ALLEGED DAMAGES THEORIES**<br><br>**HEARING**<br>Date: November 16, 2018<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Hon. Beth Labson Freeman<br><br>Complaint Filed: April 4, 2016<br>Trial Date: January 14, 2019 |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER GRANTING *DAUBERT* MOTION
TO EXCLUDE KINRICH TESTIMONY
5:16-CV-01702-BLF**

1    IT IS HEREBY ORDERED that the Court, having reviewed Defendants and Counterclaimants BGC Partners, Inc. and Newmark Company Real Estate, Inc.'s (collectively, "Defendants") *Daubert* Motion to Exclude Evidence or Testimony from Jeffrey Kinrich and Plaintiff's Alleged Damages Theories ("Motion"), GRANTS the Motion, and that Plaintiff Newmark Realty Capital ("Plaintiff") is precluded from introducing any evidence or testimony proffered by Mr. Jeffrey Kinrich on the following grounds:

**1)     Corrective advertising.** Mr. Kinrich and Plaintiff are precluded from opining on corrective advertising damages because:

(a) Mr. Kinrich's opinion does not involve any expertise or calculations, as he simply tabulated invoices that Plaintiff provided to him without inquiring whether they reflect "corrective" advertising;

(b) Mr. Kinrch's measure of "corrective advertising" relies on unreliable, unfounded, and speculative estimates of employee time of salaried employees that are not, as a matter of law, properly considered corrective advertising. Nor is time spent "dealing with confusion" or "managing the litigation" properly considered corrective advertising. Moreover, Mr. Kinrich simply repeats Plaintiff's estimates of PR and marketing expenses, and considered the entirety of those expenses corrective advertising, without independently analyzing or verifying the expenses, and without inquiring what activities were performed by the PR consultant to determine what activities related to advertising, corrective advertising, or other irrelevant consulting. Additionally, that estimate of employee time is impermissible because Plaintiff did not produce, prior to the close of discovery, the underlying evidence Mr. Kinrich relied upon to determine the time that Mr. Heagerty claims that he spent on "corrective advertising" (*i.e.* a third of Mr. Heagerty's time for the past two years "dealing with confusion" or "managing the litigation"). This evidence violates Fed. R. Civ. P Rules 26 and 37; and

(d) his testimony also violates Fed. R. Evid. 403 because allowing him to testify that Plaintiff's press release invoices, employee time, and PR consultant fees are entirely corrective in nature, when he lacks the insight, expertise, or foundation to do so, would improperly suggest that all of those expenses are, in fact, "corrective" and give those expenses an improper veneer of reliability;

**2)     Actual loss or damages.**

(a) Because Mr. Kinrich did not quantify or offer a damages opinion on Plaintiff's "actual loss," he

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1.

[PROPOSED] ORDER GRANTING *DAUBERT* MOTION
TO EXCLUDE KINRICH TESTIMONY
5:16-CV-01702-BLF

may not do so at trial.

(b) He may not testify at trial that Plaintiff might suffer loss in the future, as that opinion is unfounded, not based on reliable methods or data, is purely speculative, and would not help the trier of fact. The Court also finds that this testimony is not permitted because his reports do not quantify or include any opinion on "future" loss. Separately, the Court finds his proposed testimony that Plaitniff "lost" any deals is impermissible, because he lacks understanding or foundation to describe the allegedly lost transactions, and evidence of loss of the underlying transactions is speculative, hearsay and double hearsay, and inconclusive. The Court finds that Mr. Kinrich cannot testify regarding these alleged instances, much less categorize them – under the guise of a damages expert – as examples of actual "loss" or his *ipse dixit* that these are indicators of future loss.

(c) Both Mr. Kinrich and Plaintiff are precluded from testifying at trial that Plaintiff suffered $2 million in actual damages, as neither Plaintiff nor Mr. Kinrich have offered a factual predicate for such a claim.

**3) Actual Confusion Opinion.** Mr. Kinrich's may not opine at trial that there is "significant evidence of actual confusion" in this case. He cannot offer expert opinion on that topic under Fed. R. Evid. 702, as he does not know the factual basis for any instances of supposed confusion. Plaintiff may not use Mr. Kinrich to simply repeat Plaintiff's theories of actual confusion.

**4) Disgorgement Opinion.** Only the Court may award Plaintiff damages under a theory of equitable disgorgement.

(a) The Court finds that Mr. Kinrich's equitable disgorgement theory as to Defendants' revenues violates Fed. R. Evid. 702 and *Daubert* because it is not based on reliable methods and Mr. Kinrich acknowledges that two of his calculations are over-inclusive. Mr. Kinrich ignored available data to arrive at numbers that do not attempt to separate out mortgage finance revenue (which Plaintiff accuses in this case) from non-mortgage finance revenue (which is unchallenged in this case). He is precluded from testifying that Defendants' relevant revenues total $2.6 billion or $5.8 billion (or any number higher that $125 million).

(b) Mr. Kinrich is likewise precluded from offering at trial an alternative calculation of Defendants' revenue since he has not done so and indicated in deposition that he has no intention of doing so. For

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.

[PROPOSED] ORDER GRANTING *DAUBERT* MOTION
TO EXCLUDE KINRICH TESTIMONY
5:16-CV-01702-BLF

the same reason, Mr. Kinrich is precluded from testifying at trial as to any alternative calculation of Defendants' profits, deduction of costs, or apportionment of profits to the alleged infringement as he failed to do so in any report or provide his opinion in deposition.

(c) Mr. Kinrich is precluded from offering at trial any criticism of Defendants' expert Ms. Elsten's cost deductions and apportionment.  His opinions on the subject, which he offered only during his deposition, violate Fed. R. Evid. 702 because they are speculative, not tied to the facts of the case, and not based on reliable methods.  The Court finds that, even after presented with Ms. Elsten's damages calculations -- which properly set forth Defendants' deductible expenses and apportioned Defendants' profits to reasons other than the use of the accused trademark -- Mr. Kinrich did not offer a responsive position, other than to disagreed, and did not identify costs Ms. Elsten should not have deducted.  Mr. Kinrich is also precluded from offering testimony relating to Defendants' rebuttal expert's calculations at trial beyond what he testified at deposition.

(d) Mr. Kinrich is precluded from offering testimony regarding the three calculations he presented for the first time at his September 21, 2018 deposition.

(e) Mr. Kinrich is precluded from testifying at trial that the value of the "Newmark" name, in a "relief from royalty" analysis, is anything higher than 0.5%, as his testimony at trial on this issue would violate Fed. R. Evid. 702 because it is speculative, not tied to the facts of the case, and not based on reliable methods.

**5) Rebuttal to Defendants' Counterclaim for Disgorgement.**  Mr. Kinrich's is precluded from offering at trial his opinion in rebuttal to Defendants' counterclaim for disgorgement of Plaintiff's profits attributable to the infringement, because it violates Fed. R. Evid. 702 because Mr. Kinrich improperly confined and limited Plaintiffs' revenues (to a mere 12 transactions, nothing more), and did nothing to confirm that accuracy of the data that Plaintiff provided him, of which he admitted he had limited understanding.  Moreover, the Court agrees that the underlying spreadsheet violates Fed. R. Civ. P. 26 and 37 because it was not provided during discovery.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3.

[PROPOSED] ORDER GRANTING *DAUBERT* MOTION
TO EXCLUDE KINRICH TESTIMONY
5:16-CV-01702-BLF

1  **IT IS HEREBY ORDERED.**

Dated: _____   _____
Honorable Beth Labson Freeman
United States District Judge

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4.

[PROPOSED] ORDER GRANTING *DAUBERT* MOTION
TO EXCLUDE KINRICH TESTIMONY
5:16-CV-01702-BLF