COOLEY LLP
BOBBY A. GHAJAR (State Bar No. 198719)
bghajar@cooley.com
MARCUS D. PETERSON (State Bar No. 265339)
mpeterson@cooley.com
LAURA A. LEVINE (State Bar No. 299227)
llevine@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400 / Facsimile: (310) 883-6500

ANGELA L. DUNNING (State Bar No. 212047)
adunning@cooley.com
SHANNON M. EAGAN (State Bar No. 212830)
seagan@cooley.com
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000 / Facsimile: (650) 849-7400

CANTOR FITZGERALD
MICHAEL STEVEN POPOK (appearance *pro hac vice*)
mpopok@cantor.com
NIRAV S. SHAH (appearance *pro hac vice*)
nirav.shah@cantor.com
110 East 59th Street
New York, NY 10022
Telephone: 212-938-5000

Attorneys for Defendants/Counterclaimants BGC PARTNERS, INC.
and NEWMARK & COMPANY REAL ESTATE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BGC PARTNERS, INC., NEWMARK & COMPANY REAL ESTATE, INC. dba NEWMARK GRUBB KNIGHT FRANK, and DOES 1 to 10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:16-cv-01702-BLF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO PLAINTIFF'S CLAIMED "ACTUAL DAMAGES"**<br><br>Date:   November 29, 2018<br>Time:   1:30 p.m.<br>Court:  3<br>Judge:  Hon. Beth Labson Freeman<br><br>Complaint Filed: April 4, 2016<br>Trial Date: January 14, 2019 |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION *IN LIMINE* NO. 3 RE "ACTUAL DAMAGES"
5:16-CV-01702-BLF

**IT IS HEREBY ORDERED** that the Court, having reviewed Defendants and Counterclaimants BGC Partners, Inc. and Newmark Company Real Estate, Inc.'s (collectively, "Defendants") Motion *In Limine* No. 3 to Preclude Evidence, Testimony, and Argument Relating to Plaintiff's Claimed "Actual Damages" ("Motion"), GRANTS the Motion as follows:

1. Plaintiff shall not offer testimony, documentary evidence, or attorney argument that it suffered $2 million in actual damages, as it provided no evidence or testimony in discovery to support that number, its 30(b)(6) witness could not describe the calculation, and NRC's damages expert had no idea what that number entailed and came to a far lower number in his calculation. Allowing such evidence at trial would violate Fed. R. Civ. P. 26 and 37, and it is impossible at this stage to cure any prejudice to Defendants caused by Plaintiff's failure to disclose its calculation of damages or basis of that number;

2. Plaintiff is precluded from offering testimony, documentary evidence, or attorney argument that it is entitled to recover for its employee time "managing the litigation" or "attempting to address marketplace confusion" because: a) it did not timely produce supporting evidence (including its employee W-2s) or disclose that it intends to seek such recovery in violation of Rule 26 and 37; b) because Mr. Heagerty did not testify in deposition that he spent 1/3 of his time on such tasks or that Plaintiff was seeking recovery for 33% of his salary for any given period; c) because Mr. Kinrich cannot explain what percentage of Mr. Heagerty's time was spent "managing the litigation," which is not compensable as corrective advertising; d) because Mr. Heagerty's time spent collecting evidence for the litigation, clerical/administrative tasks, and "managing the litigation" is not compensable as corrective advertising; and e) because employee salaries, generally, are not available as compensable corrective advertising costs;

3. Plaintiff is precluded from offering testimony, documentary evidence, or attorney argument that it is entitled to recover for Mr. Egger's public relations consulting fees or the costs of placing press releases with Business Wire, as those costs are standard

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1. [PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION *IN LIMINE* NO. 3 RE "ACTUAL DAMAGES"
5:16-CV-01702-BLF

promotional activities and not advertising undertaken to restore the value plaintiff's trademark has lost due to defendant's infringement (*Adray v. Adray-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995)), and because Plaintiff has not introduced evidence that it has suffered any quantifiable harm to its reputation or goodwill that would necessitate corrective advertising expenditures. *Int'l Oddities v. Record*, 2013 WL 3864050, at *14 (C.D. Cal. July 22, 2013); *Quia Corp. v. Mattel, Inc.,* 2011 WL 2749576, at *5 (N.D. Cal. July 14, 2011);

4. Plaintiff is precluded from offering testimony, documentary evidence, or attorney argument that it lost three possible deals, and that it is likely to lose additional deals in the future, because the three alleged instances are speculative, lack foundation in violation of Fed. R. Evid. 602, are all based on hearsay in violation of Fed. R. Evid. 802, and are all unquantifiable, and thus any probative value would be significantly outweighed by the risk of undue prejudice and jury confusion, in violation of Fed. R. Evid. 403. In addition, although the NRC witnesses lack foundation, the Court also finds that the sponsoring witness for one of the alleged deals, Adam Parker, was not timely disclosed, in violation of Fed. R. Civ. P. 26 and 37, and the sponsoring witness for another alleged deal, Braden Turnbull, is not a trial witness, which is a further basis for exclusion of this testimony.

**IT IS HEREBY ORDERED.**

Dated: _____    _____
                                         Honorable Beth Labson Freeman
                                         United States District Judge

191625903