UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEWMARK REALTY CAPITAL, INC., <br> Plaintiff, <br> v. <br> BGC PARTNERS, INC., et al., <br> Defendants. | Case No. 16-cv-01702-BLF <br><br> **OMNIBUS ORDER DENYING WITHOUT PREJUDICE SEALING MOTIONS IN CONNECTION WITH THE PARTIES' DAUBERT BRIEFING AND EXHIBITS** <br><br> [Re: ECF 593, 598, 609, 615, 620] |

Before the Court are Plaintiff and Defendants' administrative motions to file under seal portions of their briefing and exhibits in connection with each side's respective *Daubert* motions. ECF 593, 598, 609, 615, 620. For the reasons stated below, the sealing motions are DENIED without prejudice.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be

2

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendants' sealing motions at ECF 593 and 620; Plaintiff's sealing motions at ECF 598, 609, and 615; and the declarations of the designating parties submitted in support thereof. Each sealing motion is in connection with a *Daubert* motion, opposition brief, or reply brief. In general, the Court finds that the parties have failed to articulate compelling reasons to seal the submitted documents or have failed to narrowly tailor the proposed redactions.

For example, Defendants request to seal portions of Defendants' *Daubert* Motion To Exclude Evidence or Testimony from Jeffrey Kinrich and Plaintiff's Alleged Damages Theories (ECF 593-4). ECF 593. However, even a cursory review of the portions requested to be sealed reveals numerous instances of sealing overreach. *See, e.g.*, ECF 593-4 at 1–10 (highlighted portions throughout the motion that appear untethered to sealable material or overbroad). As another example, Plaintiff requests to seal wholesale Exhibit 1 (Kinrich Report appendices and exhibits) to the Declaration of Yasamin Parsafar in Support of Plaintiff's Opposition to Defendants' *Daubert* Motion to exclude evidence or testimony from Kinrich (ECF 609-3). ECF 609. Here too, the request to seal is not narrowly tailored to *only* the sensitive material that Plaintiff claims public disclosure of which would cause harm to Plaintiff. *See* Parsafar Decl. ¶ 2, ECF 609-1 (identifying the types of "sensitive material" the public disclosure of which would cause harm to Plaintiff).

It is not the Court's function to wade through overbroad sealing motions in search of sealable portions that may be contained within a sweeping request. All sealing requests must be narrowly tailored to seek sealing only of sealable material, and a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny

3

to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5. The parties are advised to consider the Court's statements above—which pertain to examples only and are not to be considered comprehensive review—with respect to each specific document/portion for which sealing is requested. Sealing will not be permitted to run amok.

## III. CONCLUSION

For the foregoing reasons, Plaintiff and Defendants' sealing motions at ECF 593, 598, 609, 615, and 620 are denied without prejudice to narrowly tailored and properly justified requests. Any renewed request must be filed **on or before December 5, 2018**. If no renewed request is filed by that date, the sealing request will be denied with prejudice.

**IT IS SO ORDERED.**

Dated: November 28, 2018

BETH LABSON FREEMAN
United States District Judge